564 So.2d 622 (1990)
Desmond BRODERICK, Appellant,
v.
STATE of Florida, Appellee.
No. 89-2967.
District Court of Appeal of Florida, Fourth District.
August 1, 1990.
*623 Richard L. Jorandby, Public Defender, and Ellen Morris, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and John M. Koenig, Jr., Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
We reverse appellant's conviction of armed robbery and the life sentence which the court imposed under the habitual offender statute, section 775.084, Florida Statutes (Supp. 1988), and remand for a new trial.
Appellant and a companion attempted to steal nine cartons of cigarettes from a 7-11 store in Miramar. The store manager caught them and told them to stop, grabbing appellant from behind. The companion pulled out a knife and told the manager to let appellant go; the manager did so. Appellant ran out of the store. The companion stayed a moment longer, brandishing the knife, and then ran.
The store manager gave the Miramar police a description of the suspects which matched that of the suspects in several similar cases that the police had been investigating, and appellant was arrested.
The appellant successfully moved in limine to exclude from the arresting officer's testimony at trial any reference to the other cases under investigation because they were evidence of collateral crimes and were therefore inadmissible.
After the state indicated that the officer was having difficulty understanding why he could not testify as to the prior acts, the court admonished the officer to testify only that he had found appellant "through further investigation." Yet, at trial, the officer said, "I became aware that there was [sic] other incidents similar to this incident with the description being the same." Appellant immediately moved for a mistrial, which was denied. The jury convicted appellant of armed robbery.
The officer's testimony was impermissible collateral crime evidence. § 90.404(2), *624 Fla. Stat.; Williams v. State, 110 So.2d 654 (Fla.), cert. denied, 361 U.S. 847, 80 S.Ct. 102, 4 L.Ed.2d 86 (1959). It was not offered for any relevant purpose; rather, it came out at trial despite the combined efforts of the trial court and counsel.
The court gave the jury a three-pronged charge. Under the charge, the jury could find that appellant committed one of the following: armed robbery with a weapon, if he knew that his accomplice carried a weapon; robbery without a weapon, if he did not know his accomplice carried a weapon; or petty theft. We cannot say that the officer's reference to "other incidents similar to this" one did not influence or have any effect upon the jury's decision. Particularly, the jurors may have thought that the other similar incidents to which he referred were robberies involving weapons. Thus, we are unable to conclude that there was no reasonable possibility that the error contributed to the conviction. State v. DiGuilio, 491 So.2d 1129 (Fla. 1986).
We take this opportunity to address another point of the appeal. The state served notice that it sought to have the court sentence appellant as a habitual offender under section 775.084. A presentence investigation revealed that appellant had two prior convictions, one for cocaine possession and one for cocaine purchase, leading the trial court to declare appellant a habitual offender. Appellant challenges the constitutionality of the habitual offender statute on several grounds.
The second and fifth districts recently reviewed the constitutionality of this statute and concluded that it is constitutional. See Roberts v. State, 559 So.2d 289 (Fla. 2d DCA 1990); Long v. State, 558 So.2d 1091 (Fla. 5th DCA 1990); King v. State, 557 So.2d 899 (Fla. 5th DCA 1990). We agree; however, this case raises an additional issue.
Appellant argues that, in determining whether he had prior convictions for the purpose of the habitual offender statute, the court relied on a prior conviction that was the result of an uncounseled plea; that subsection (1)(a)(4) specifically excludes from consideration convictions set aside in post-conviction proceedings; that because uncounseled convictions are not listed as an exclusion, the statute must contemplate that the court may consider them; and that, in allowing this, the statute violates his right to due process. We disagree.
Under the sixth amendment to the United States constitution, when a court is considering whether to sentence a defendant more harshly as a result of the defendant's prior convictions, the court must give the defendant a meaningful opportunity to show that he had a right to counsel for each of those prior offenses and that he did not waive that right. The court cannot consider any conviction for which the defendant did not waive his right to counsel. Baldasar v. Illinois, 446 U.S. 222, 100 S.Ct. 1585, 64 L.Ed.2d 169 (1980); Leffew v. State, 518 So.2d 1376 (Fla. 2d DCA 1988); Pilla v. State, 477 So.2d 1088 (Fla. 4th DCA 1985).
We do not read section 775.084 as defeating or even affecting this right. A defendant may introduce relevant evidence for consideration at the habitualization hearing, which would include proof that he did not waive his right to counsel for the convictions upon which the court intends to rely in habitualizing him.
We see no merit in any of the appellant's other contentions.
ANSTEAD, GLICKSTEIN and WARNER, JJ., concur.