PER CURIAM.
We conclude that appellant’s attacks on the constitutionality of the habitual offender statute are without merit and affirm.
We reject appellant’s first argument. Mitchell v. State, 575 So.2d 798 (Fla. 4th DCA 1991).
We also reject appellant’s contention that section 775.084(l)(a)(3-4), Florida Statutes (Supp.1988), violates the due process clause because it allows consideration of patently unconstitutional convictions in determining whether the defendant has the requisite number of prior convictions. Although this issue had been directly addressed by this court in Broderick v. State, 564 So.2d 622 (Fla. 4th DCA 1990), we now hold what was discussed therein as dicta. In Broderick, the defendant’s sentence was set aside because of the admission at trial of collateral crime evidence. Id. at 624. However, this court found that the statute did not affect a defendant’s right to a meaningful opportunity to show both that he had the right to counsel and that he failed to waive that right for each of his prior offenses before the court sentences the defendant more harshly based on those prior convictions. Id. A defendant may introduce relevant evidence for consideration at the habituali-zation hearing. Id. Based on the reasoning contained in Broderick, appellant’s assertion lacks merit.
Appellant’s third argument was appropriately rejected in King v. State, 557 So.2d 899 (Fla. 5th DCA), rev. denied, 564 So.2d 1086 (Fla.1990), as was his final argument, in Eutsey v. State, 383 So.2d 219 (Fla.1980), which specified the protections afforded to appellant in this ease.
GLICKSTEIN and STONE, JJ., and WALDEN, JAMES H., Senior Judge, concur.