591 So.2d 279 (1991)
Johnny RANDOLPH, Appellant,
v.
STATE of Florida, Appellee.
No. 91-221.
District Court of Appeal of Florida, Fifth District.
November 29, 1991.
Rehearing Denied January 9, 1992.
*280 James B. Gibson, Public Defender, and Barbara L. Condon, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Anthony J. Golden, Asst. Atty. Gen., Daytona Beach, for appellee.
HARRIS, Judge.
Johnny Randolph was convicted of two counts of aggravated battery with a firearm, second degree felonies. His guideline range was 5 1/2 years to 12 years incarceration.
The trial court, pursuant to the provisions of section 775.087(1), Florida Statutes (1989), reclassified said offenses to first degree felonies and sentenced Randolph to concurrent terms of 10 years in prison to be followed by 10 years probation.
This was error. Gonzalez v. State, 585 So.2d 932 (Fla. 1991), prohibits reclassification of aggravated battery with a firearm under the provisions of section 775.087(1), Florida Statutes (1989) because the use of the firearm is an essential element of the offense.
REVERSED and REMANDED for resentencing.
COBB, J., concurs.
GRIFFIN, J., dissents with opinion.
GRIFFIN, Judge, dissenting.
I respectfully dissent. In the present case appellant concedes that the evidence adduced at trial established that he both caused great bodily harm and used a firearm in the commission of a battery (critically wounding two victims by shooting them each twice). Appellant simply argues, and the state concedes, that reference to the verdict form alone does not clearly show whether the jury found aggravated battery by virtue of infliction of great bodily harm or by virtue of use of a weapon. If great bodily harm were the basis of the aggravated battery verdict, enhancement in this case would be proper.[1] If not, not. I agree with the state that because this record does not contain the charge conference or the actual instructions read to the jury, it is impossible for this court to determine that the verdict rendered was not intended to communicate a finding that defendant committed a first degree aggravated battery (i.e., aggravated battery based on great bodily harm committed with a firearm). The verdict form gave the jury a choice between "aggravated battery" and "aggravated battery with a firearm" [emphasis added], not by a firearm. Under the circumstances reflected in this record, it appears to me more probable the verdict was a verdict by this jury that defendant committed a first degree aggravated battery. The appellant's brief clearly reflects a conscious decision on the part of appellant that the charge conference and jury instructions not be part of the record. Reference to these portions of the record is proper to ascertain the verdict's meaning. See Brown v. State, 583 So.2d 742 (Fla. 1st DCA 1991). We should not reverse without giving the state the opportunity to show what this verdict means. Hayward v. State, 590 So.2d 976 (Fla. 5th DCA 1991).
NOTES
[1] Lareau v. State, 573 So.2d 813 (Fla. 1991).