616 So.2d 168 (1993)
Eddie MOORE, Appellant,
v.
STATE of Florida, Appellee.
No. 92-1566.
District Court of Appeal of Florida, Fourth District.
March 31, 1993.
*169 Richard L. Jorandby, Public Defender and Ellen Morris, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Melvina Racey Flaherty, Asst. Atty. Gen., West Palm Beach, for appellee.
DELL, Judge.
We affirm appellant's convictions for second degree murder with a firearm and aggravated battery with a firearm. We reverse appellant's sentence for second degree murder with a firearm. Second degree murder with a firearm constitutes a life felony. The trial court, therefore, erred when it sentenced him as a habitual offender on this conviction. See Lamont v. State, 610 So.2d 435 (Fla. 1992).
We find no error in appellant's sentence as a habitual offender on his conviction of aggravated battery with a firearm. He has not demonstrated reversible error in his contention that the trial court erred when it failed to find his predicate conviction had not been pardoned or set aside. See State v. Rucker, 613 So.2d 460 (Fla. 1993). We also reject his contention that the habitual offender statute is unconstitutional. See Roberts v. State, 559 So.2d 289 (Fla. 2d DCA), cause dismissed, 564 So.2d 488 (Fla. 1990); accord Johnson v. State, 564 So.2d 1174 (Fla. 4th DCA 1990), review denied, 576 So.2d 288 (Fla. 1991); Mitchell v. State, 575 So.2d 798 (Fla. 4th DCA 1991); Crawley v. State, 578 So.2d 16 (Fla. 4th DCA 1991).
Finally, it appears from the face of the record that the trial court instructed the jury on both aggravated battery based upon great bodily harm and aggravated battery based upon the use of a deadly weapon. See § 784.045(1)(a), Fla. Stat.(1991). The jury found appellant guilty of aggravated battery with a firearm. The trial court thereupon enhanced his conviction from a second degree felony to a first degree felony pursuant to section 775.087(1)(b), Florida Statutes (1991). Since the use of a firearm was an essential element of the offense, the trial court erred when it enhanced appellant's sentence on this conviction to a first degree felony. See Lareau v. State, 573 So.2d 813 (Fla. 1991). Although appellant has not raised this point on appeal, we address the trial court's error in the interest of justice and so that on resentencing it may be corrected.
Accordingly, we direct the trial court to correct the final judgment adjudicating guilt to reflect appellant's conviction for second degree murder with a firearm as a life felony rather than a first degree felony, to change his conviction of aggravated battery with a firearm from a first degree felony to a second degree felony and to resentence appellant consistent with these changes.
AFFIRMED IN PART; REVERSED IN PART and REMANDED.
WARNER and POLEN, JJ., concur.