PER CURIAM.
Appellant appeals from his conviction and sentence for aggravated battery with a firearm. He raises two points on appeal. Appellant first argues that the trial court erred when it denied his motion for mistrial. Appellant moved for mistrial when the trial court permitted the victim to testify, arguing that the victim’s testimony was unreliable and elicited for the sole purpose of inflaming the jury. The victim had been left paralyzed as a result of the shooting, but was unable to say who shot him. The record shows that appellant objected to the victim’s testimony, the trial court overruled the objection and after the victim testified, appellant moved for a mistrial. We hold that no error was committed. See McGriffv. State, 417 So.2d 800, 301 (Fla. 3d DCA 1982); Waddy v. State, 355 So.2d 477 (Fla. 1st DCA), cert, denied, 362 So.2d 1056 (Fla.1978). Thus, appellant’s conviction is affirmed.
We do, however, reverse and remand for resentencing based upon appellant’s second point on appeal. We agree with appellant that our decision in Moore v. State, 616 So.2d 168 (Fla. 4th DCA 1993), is controlling. See also Lareau v. State, 573 So.2d 813 (Fla.1991). Appellant was found guilty of aggravated battery with a firearm. On the verdict form, the jury bypassed “Guilty of Aggravated Battery With A Deadly Weapon, a lesser included crime,” and cheeked the next box, which was “Guilty of Aggravated Battery With a Firearm.” We find that the conviction is thus based on section 784.045(l)(b), which contemplates use of a firearm as a necessary element of the offense of which appellant was convicted. As a result, the trial court was precluded from using section 775.087(l)(b) to enhance appellant’s penalty. We therefore reverse and remand for resen-tencing in compliance with Moore and La-reau.
DELL, C.J., and POLEN and STEVENSON, JJ„ concur.