704 So.2d 548 (1997)
David MONTGOMERY, Appellant,
v.
STATE of Florida, Appellee.
STATE of Florida, Appellant,
v.
David MONTGOMERY, Appellee.
Nos. 96-555, 96-725.
District Court of Appeal of Florida, First District.
June 4, 1997.
*549 Spiro T. Kypreos, Pensacola, for Appellant.
Robert A. Butterworth, Attorney General, and Jean-Jacques A. Darius, Assistant Attorney General, Tallahassee, for Appellee.
MICKLE, Judge.
This is a consolidated appeal involving a single criminal case from which the defendant, David Montgomery, raises two issues on appeal, and the state raises one issue on appeal. We reverse and remand on all issues as set forth below.
David Montgomery was charged by amended information with attempted firstdegree murder (Count I), conspiracy to commit robbery (Count II), robbery with a firearm (Count III), attempted robbery with a firearm (Count IV), aggravated assault with intent to commit a felony with a firearm (Count V), aggravated assault with intent to commit a felony with a firearm (Count VI), and possession of a firearm by a convicted felon (Count VII). Count VII was severed, and Montgomery went to jury trial on Counts IVI. On Count I, the jury returned a verdict of guilty of the lesser included offense of aggravated battery. On Counts IIVI, the jury found Montgomery guilty as charged.
At the sentencing hearing, the prosecutor announced that the state was seeking reclassification of the aggravated battery conviction from a second-degree felony to a first-degree felony, based on the use of a firearm. Over the objection of defense counsel, the trial court permitted the reclassification, and orally sentenced Montgomery as follows:
... I am going to sentence you as an habitual felon [sic] offender to 30 years in state prison, minimum mandatory of three years on Count III, adjudicating you guilty of each and every count. I am going to place you on a period of probation for ten years following that with respect to each and every other count with which you were charged.... Let me stop and say one thing. I believe that there is one area which I must impose a minimum mandatory sentence, but it must run concurrently, and isn't that the way I am required to do it? I'm required to impose a minimum mandatory sentence, but I am required also to giveto run it concurrently and not stack it or run consecutively. That applies to Counts III, V, and VI ___ excuse me, Counts IV, V and VI.... I, IV, V and VI. That will be a three-year sentence on I, IV, V and VI. And then what has to happen is as to Count I, it will be ten yearsfollowed by ten years' probation, which will run concurrent with the other probation. As to Count VI, it will be ten years' probation to run concurrent with the other probation. As to Counts V and VI, it will be two years' probation to run concurrently with the other probation.
The court then clarified that all minimum mandatory terms were to run concurrently. The written judgment and sentence, however, imposes the following: On Counts I and III, to 30 years in prison, to run concurrently, followed by 10 years of probation; on Count IV, to 10 years in probation, concurrent with the Counts I and III; on Counts II, V and VI, to 2 years of probation, concurrent with the probation in Counts I and III. Three-year minimum mandatory terms were imposed only on Counts I and III.
After the jury trial on Counts I-VI, Montgomery moved to dismiss the severed Count VII on the basis that the offense arose out of the same criminal episode as Counts I-VI, and, like the other counts, involved a firearm. *550 Following a hearing, the lower court entered an order granting the motion to dismiss Count VII, citing Brown v. State, 670 So.2d 965 (Fla. 1st DCA 1995); Maxwell v. State, 666 So.2d 951 (Fla. 1st DCA 1996).
We address first the two issues raised by Montgomery in his appeal. First, Montgomery asserts the court erred in reclassifying the conviction of aggravated battery from a second-degree felony to a first-degree felony. We agree that error was committed under the circumstances of this case. Under Count I, appellant was charged with attempted first-degree murder by "intentionally touching or striking Walter Middlebrooks against his will by means of shooting him with a deadly weapon, to-wit: a .22 caliber pistol...." The jury returned a verdict of guilty of the lesser included offense of aggravated battery. Section 784.045(1)(a), Florida Statutes (1993), provides that a person commits aggravated battery when, in committing the battery, that person (1) intentionally or knowingly causes great bodily harm, permanent disability, or permanent disfigurement; or (2) uses a deadly weapon. In the instant case, in instructing the jury on the lesser included offenses to Count I, the court stated in pertinent part:
Before you can find the defendant guilty of aggravated battery, the State must prove the following two elements beyond a reasonable doubt. The first element is a definition of battery. No. 1, that David Lee Montgomery intentionally touched or struck Walter Middlebrooks against his will or David Lee Montgomery intentionally caused bodily harm to Walter Middlebrooks. The second element is that David Lee Montgomery, in committing the battery, (A) intentionally or knowingly caused great bodily harm to Walter Middlebrooks or permanent disfigurement to Walter Middlebrooks or (B) used a deadly weapon.
The verdict form on Count I provided in pertinent part:
___ Guilty of Attempted First Degree
 Murder, as charged in Count One of
 the State's Information.
___ Guilty of Attempted Second Degree
 Murder, a lesser included offense.
 X Guilty of Aggravated Battery, a
 lesser included offense.
___ Guilty of Attempted Voluntary Manslaughter,
 a lesser included offense.
___ Guilty of Aggravated Assault, a
 lesser included offense.
[If you have checked one of the above, then
please indicate whether or not a firearm
was used.
 X Yes ___ No]
(R. 79).
Aggravated battery is a second-degree felony. Section 784.045(2), Florida Statutes. Section 775.087(1)(b), provides that a second-degree felony shall be reclassified to a first-degree felony when, during the commission of the felony the defendant carries, displays, uses, threatens, or attempts to use any weapon or firearm, unless the use of a weapon or firearm is an essential element of the felony committed. Section 775.087(1) permits reclassification and the consequential enhancement of penalties for the crime of aggravated battery causing great bodily harm when a weapon is used to commit the crime. Lareau v. State, 573 So.2d 813 (Fla. 1991). Before a conviction for aggravated battery may be reclassified pursuant to section 775.087, the jury must make a factual finding that the defendant committed the crime while using a firearm. State v. Tripp, 642 So.2d 728 (Fla.1994).
Montgomery argues that, due to the nature of the general verdict rendered herein, enhancement was improper because it is not clear that the jury found him guilty of aggravated battery causing great bodily harm. We agree. The verdict herein establishes only that Montgomery was convicted of aggravated battery with a firearm. The circumstances herein are similar to the facts in Moore v. State, 616 So.2d 168 (Fla. 4th DCA 1993). Therein, the trial court instructed the jury on both aggravated battery based on great bodily harm and aggravated battery based upon the use of a deadly weapon. The jury found the defendant guilty of aggravated battery with a firearm, and the trial court reclassified the conviction to a first-degree felony. On appeal, the court held that, since the use of a firearm was an essential element of the offense, the trial court erred in enhancing the sentence. Id. at 168. See also Randolph v. State, 591 So.2d 279 (Fla. 5th *551 DCA 1991)(enhancement not proper where the verdict form did not clearly show whether the jury found aggravated battery by virtue of infliction of great bodily harm or by virtue of the use of a weapon); McNeal v. State, 653 So.2d 1122 (Fla. 1st DCA 1995)(reclassification not proper where verdict form did not permit the jury to decide whether the defendant committed aggravated battery based on great bodily injury independently of their determination that he used a weapon in the course of committing that offense). Contrast Thompson v. State, 636 So.2d 599 (Fla. 5th DCA 1994)(where the verdict provided for three alternatives of aggravated battery: (1) aggravated battery causing great bodily harm with a weapon, (2) aggravated battery causing great bodily harm, and (3) aggravated battery with a weapon, and where the jury chose the first alternative, reclassification was proper).
Since it is possible that Montgomery was convicted of a crime in which the use of a weapon or a firearm is an essential element of the offense, it was improper for the trial court to reclassify the second-degree felony to a first-degree felony. We therefore must reverse and remand for resentencing.
As his second issue, Montgomery asserts, and the state concedes, that the written sentence does not conform with the sentence pronounced orally in court, particularly with regard to Count I and to imposition of the three-year minimum mandatory terms. We remand for correction of the written sentence to conform with the oral pronouncement rendered by the court at the sentencing hearing. See Barger v. State, 688 So.2d 449 (Fla. 1st DCA 1997).
We turn now to the state's sole claim of error, to wit: the dismissal of Count VII, which was severed from the remaining counts. We agree that reversal is warranted in light of recent supreme court decisions invalidating the authority cited by the trial court below in support of dismissal. See State v. Maxwell, 682 So.2d 83 (Fla.1996)(multiple convictions for carrying a concealed firearm, possession of a short-barreled shotgun and possession of a firearm by a convicted felon, do not violate the constitutional protection against double jeopardy). See also M.P. v. State, 682 So.2d 79 (Fla.1996)(adjudications of delinquency for both carrying a concealed weapon and possession of a firearm by a minor, in connection with the same weapon and same incident, do not violate double jeopardy); State v. Craft, 685 So.2d 1292 (Fla.1996)(affirmatively answering the certified question "when a defendant commits separate offenses during the same criminal episode, each involving a firearm, but each having separate and distinct elements, may the defendant be convicted and sentenced for each crime?," and directing that: "Offenses are separate if each offense requires proof of an element that the other does not.").
Pursuant to this recent case law, separate convictions and sentences may be imposed upon a defendant for crimes arising out of the same criminal episode if each crime requires proof of an element that the other crimes do notif the crimes have different elements, separate convictions and sentences are valid. As explained in State v. Maxwell, 682 So.2d at 84, the Blockburger[1] test, which is also called the "same elements" test, inquires whether each offense contains an element not contained in the other; if not, they are the same offense and double jeopardy bars subsequent punishment or prosecution. Application of Maxwell, M.P., and Craft, to the facts of the instant case calls for reversal and remand for reinstatement of Count VII. The crimes for which Montgomery was convicted under Counts I-VI do not contain an element requiring that Montgomery have a prior felony conviction. Likewise, those crimes contain several elements not contained in the offense of possession of a firearm by a convicted felon. Therefore, under the Blockburger test, the subsequent prosecution for the offense of possession of a firearm by a convicted felon is not barred by double jeopardy. See e.g., State v. Mateen, 678 So.2d 449 (Fla. 2d DCA 1996).
In summary, we (1) reverse the reclassification of the offense of aggravated battery and remand for resentencing, (2) remand for correction of the written sentence to conform *552 with the trial court's oral pronouncements, and (3) reverse the dismissal of Count VII and remand for reinstatement of this count.
MINER, J., concurs.
ALLEN, J., specially concurs with opinion.
ALLEN, Judge, specially concurring.
I join in the decision of the court. For the reasons expressed by Judge Mickle, the crime for which the appellant was sentenced under Count I was a second-degree felony. Resentencing for the crime is necessary because the trial court sentenced the appellant under a misapprehension as to the classification of the offense, not because the sentence pronounced was in excess of the statutory maximum for a second-degree felony. As to Count I, the trial court appears to have pronounced a sentence of three years in prison followed by ten years probation.
NOTES
[1] Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).