744 So.2d 1184 (1999)
Alonzo T. BROWN, Appellant,
v.
STATE of Florida, Appellee.
No. 97-01257.
District Court of Appeal of Florida, Second District.
November 3, 1999.
*1185 James Marion Moorman, Public Defender, and Clark E. Green, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Dale E. Tarpley, Assistant Attorney General, Tampa, for Appellee.
BLUE, Judge.
In this belated appeal, Alonzo T. Brown argues that the trial court erred by imposing a habitual offender sentence for possession of cocaine with intent to sell and by imposing special conditions of probation that were not orally pronounced at sentencing. Brown was sentenced in 1995, prior to the July 1, 1996, effective date of the Criminal Appeals Reform Act. See Ch. 96-248, §§ 4, 9, at 954, 957, Laws of Fla.; Smith v. State, 714 So.2d 1152, 1152 n. 1 (Fla. 2d DCA 1998).
We reverse the habitual offender sentence for the possession of cocaine with intent to sell. Under section 775.084(1)(a)(3), Florida Statutes (1995), habitual offender sentencing does not apply to violations of section 893.13, Florida Statutes (1995), "relating to the purchase or possession of a controlled substance." Thus, a habitual offender sentence is not allowed for possession with intent to sell. See Gregory v. State, 739 So.2d 100, 24 Fla. L. Weekly D256 (Fla. 2d DCA 1999). On remand for resentencing, the trial court shall orally pronounce any special conditions of probation that it seeks to impose. See Gregory.
Habitual offender sentence for possession of cocaine with intent to sell reversed; remanded for resentencing.
THREADGILL, A.C.J., and SALCINES, J., Concur.