BROWNING, J.
Appellant, Joshua Vitanzo (Vitanzo), appeals his sentence, arguing the trial court erred by imposing twenty-four, rather than eighteen, community sanction violation points against him upon resentencing in two cases for a violation of community control. We agree and reverse for resen-tencing.
Vitanzo was charged with grand theft auto and burglary of a dwelling in case no. 96-5129. Pursuant to a plea agreement, Vitanzo was sentenced to six months’ probation. An affidavit for violation of probation was filed in case no. 96-5129. Before disposition of the violation of probation, Vitanzo was charged with grand theft of auto in case no. 98-1286. A single hearing was held on the violation of probation and the grand theft auto cases. Vitanzo pled *663 no contest to the probation violation, his probation was revoked in case no. 96-5129, and he was sentenced to twelve months of community control. Vitanzo entered a plea agreement in case no. 98-1286 whereby he was placed on twelve months of community control, concurrent with the community control imposed for the violation of probation.
Subsequently, an affidavit for violation of community control was filed in both cases. A hearing was held and Vitanzo pled no contest to the community control violations. The trial court assessed 58.9 points on Vitanzo’s scoresheet for a sentencing range of 23.1 to 38.6 months. Included in the total points were twelve community sanction violation points for the conviction of grand theft auto, a felony, while on probation, and six points for violation of community control for each case (nos. 96-5129 and 98-1286), for a total of twenty-four community sanction violation points. Vitanzo objected to the use of the scoresheet, arguing his community sanction violation points should be eighteen rather than twenty-four, because six points were improperly assessed for each case rather than six points for both of the cases sentenced under the same scoresheet. Vi-tanzo’s argument is correct, and we reverse.
Community sanction violation points are authorized when an offender is found to have violated a condition of probation, community control, or pretrial intervention or diversion. Fla. R.Crim. P. 3.703(d)(17). However, the existence of multiple counts (or eases) of community sanction violations shall not be a basis for multiplying points. § 921.0024(1)0»), F.S. (1997); see also Brown v. State, 741 So.2d 1242 (Fla. 1st DCA 1999) (on mot. for reh’g.).
In the case at bar, twelve community sanction violation points were authorized when Vitanzo was convicted of grand theft auto, a felony, while on probation. Six community sanction violation points were authorized when Vitanzo violated his community control in both cases. Multiple counts or cases cannot be used to multiply community sanction violation points and, thus, the trial court was authorized to assess only eighteen community sanction violation points against Vitanzo for sentencing. Where a guidelines score-sheet error results in a reduced sentencing range of one cell or more, the sentence must be reversed and remanded for resen-tencing based on a correctly calculated scoresheet. Burrows v. State, 649 So.2d 902, 903 (Fla. 1st DCA 1995).
REVERSED and REMANDED for re-sentencing consistent with this opinion.
WOLF and DAVIS, JJ., CONCUR.