829 So.2d 366 (2002)
Rico L. CARGLE, Appellant,
v.
STATE of Florida, Appellee.
No. 1D02-0953.
District Court of Appeal of Florida, First District.
November 1, 2002.
Appellant, pro se.
Robert A. Butterworth, Attorney General, Edward C. Hill, Jr., Assistant Attorney General, and Giselle Lylen Rivera, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Appellant appeals the summary denial of his rule 3.850 motion for postconviction relief upon remand by this Court. See Cargle v. State, 800 So.2d 698 (Fla. 1st DCA 2001). In his motion, Appellant alleged that the trial court erred in reclassifying his aggravated battery conviction from a second-degree felony to a first-degree felony based on his use of a weapon *367 where use of the weapon was an essential element of his conviction. Specifically, Appellant alleged that the verdict form required the jury to convict him of aggravated battery through use of a weapon. The trial court summarily denied this motion. Upon appeal, this Court reversed the summary denial of this claim, determining that Appellant brought a facially sufficient claim. Cargle, 800 So.2d at 698. On remand, the circuit court again summarily denied Appellant's motion, concluding that it was refuted by the language of the information which charged Appellant with aggravated battery by causing great bodily harm. Because the information does not refute Appellant's claim that he was convicted of aggravated battery through use of a deadly weapon, where the jury instruction and the verdict form specified that Appellant used a gun, we reverse and remand.
Aggravated battery may be committed either by causing great bodily harm or by using a deadly weapon. § 784.045(1)(a), Fla. Stat. (1995). When a defendant is convicted of aggravated battery based upon causing great bodily harm (rather than through use of a deadly weapon), this crime can be enhanced to a first-degree felony based on the use of a weapon. Lareau v. State, 573 So.2d 813, 814-15 (Fla.1991). When a defendant is convicted of aggravated battery based on the use of a deadly weapon, this crime cannot be enhanced based on this same use of a weapon. Id. If it is unclear whether the jury found a defendant guilty of aggravated battery based upon great bodily harm or use of a weapon, enhancement is not permitted. Montgomery v. State, 704 So.2d 548, 550-51 (Fla. 1st DCA 1997).
This Court has previously determined that a charging information that alleges aggravated battery based solely on "great bodily harm" is not dispositive of whether the defendant was actually convicted of aggravated battery based upon great bodily harm, as opposed to having been convicted of aggravated battery based on use of a weapon. Even if the information does not charge aggravated battery for use of a weapon, instructions to the jury and the jury form itself can render enhancement improper if those instructions or the form allow the jury to convict the defendant of aggravated battery based on use of a weapon. McNeal v. State, 653 So.2d 1122, 1122-24 (Fla. 1st DCA 1995). In the present case, neither the jury instruction nor the verdict form are attached. Thus, notwithstanding that the information charged an aggravated battery based upon causing great bodily harm, the appellant's claim that the jury actually convicted him of aggravated battery by using a weapon is not conclusively refuted.
Because Appellant's claim is facially sufficient and is not conclusively refuted by the record, we reverse for an evidentiary hearing or record attachments conclusively refuting Appellant's claim.
REVERSED and REMANDED.
ERVIN, BOOTH and BROWNING, JJ., concur.