858 So.2d 1270 (2003)
Jack K. PERRY, Appellant,
v.
STATE of Florida, Appellee.
No. 1D03-0986.
District Court of Appeal of Florida, First District.
November 19, 2003.
*1271 Kirk R. Owens, Pensacola, for Appellant.
Charlie Crist, Attorney General, Bryan Jordan, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
The appellant challenges the trial court's order summarily denying his postconviction motion filed pursuant to Florida Rule of Criminal Procedure 3.800(a). We affirm the denial of the appellant's first three claims without comment; however, because the trial court improperly reclassified the appellant's conviction for aggravated battery to a first-degree felony on the appellant's guidelines scoresheet, we reverse.
The appellant alleges that the trial court scored an aggravated battery conviction as a first-degree felony when it should have been scored as a second-degree felony. Section 784.045, Florida Statutes (1991), states in pertinent part:
(1)(a) A person commits aggravated battery who, in committing battery:
1. Intentionally or knowingly causes great bodily harm, permanent disability, or permanent disfigurement; or
2. Uses a deadly weapon.
* * *
(2)Whoever commits aggravated battery shall be guilty of a felony of the second degree ...
Although aggravated battery is generally a second-degree felony, the trial court concluded that the appellant's conviction was properly reclassified to a first-degree felony pursuant to section 775.087(1), Florida Statutes, based on the appellant's use of a deadly weapon. However, reclassification is not proper where the use of a weapon is an essential element of the offense. See Lareau v. State, 573 So.2d 813 (Fla.1991); Cargle v. State, 829 So.2d 366 (Fla. 1st DCA 2002); § 775.087(1), Fla. Stat. (1991). Furthermore, where it is unclear whether the defendant was found guilty of aggravated battery based on great bodily harm or the use of a deadly weapon, enhancement is not permitted. See Montgomery v. State, 704 So.2d 548, 550-51 (Fla. 1st DCA 1997).
Here, the appellant was charged with two counts of aggravated battery under two separate charging documents. The information filed in case number 91-5948 charges the appellant with "agg. batt. w/ weapon" and alleges that in the course of committing battery the appellant used a deadly weapon in violation of section 784.045(1)(a)2, Florida Statutes. It is clear that enhancement is precluded because the information alleges the use of a weapon and the statutory provision cited refers to aggravated battery based on the use of a deadly weapon. Indeed, the state concedes that the language of the information precludes enhancement pursuant to section 775.087(1), Florida Statutes.
*1272 The information filed in case number 92-30, however, is not so clear as it charges the appellant with "aggravated battery GBH/weapon" and alleges that in the course of committing the offense, the appellant caused great bodily harm and used a deadly weapon in violation of sections 784.045(1)(a) and 775.087(1), Florida Statutes. Unlike the first information, the second information cites the statute relating to aggravated battery, but the cite is not specific so as to express whether the offense is based on great bodily harm or the use of a deadly weapon. The state contends that enhancement is proper because the language of the information does not make the use of a deadly weapon an essential element. However, because the record does not establish that the appellant was convicted of aggravated battery based solely on great bodily harm, enhancement is again not permitted. See Montgomery, 704 So.2d at 550-51.
Due to the trial court's error in reclassifying the appellant's conviction, the appellant was improperly assessed eleven additional points for the two aggravated battery offenses. See Fla. R.Crim. P. 3.988(e). Not only will correction of the appellant's guidelines scoresheet reduce his sentencing range by one cell, see Fla. R.Crim. P. 3.988(e), but it will also place his current fifteen-year sentence beyond the permitted sentencing range of five-and-a-half to twelve years. Therefore, the appellant is entitled to reversal on this claim. See Hummel v. State, 782 So.2d 450 (Fla. 1st DCA 2001); Vitanzo v. State, 750 So.2d 662, 663 (Fla. 1st DCA 1999); see also Desue v. State, 605 So.2d 933, 935 (Fla. 1st DCA 1992).
Accordingly, we affirm the trial court's order in regards to the appellant's first three claims, but reverse the trial court's denial of the appellant's fourth claim, and remand for resentencing.
AFFIRMED IN PART; REVERSED IN PART and REMANDED.
BOOTH, BENTON and LEWIS, JJ., Concur.