941 So.2d 466 (2006)
James PENN, Appellant,
v.
STATE of Florida, Appellee.
No. 1D06-1705.
District Court of Appeal of Florida, First District.
October 31, 2006.
James Penn, pro se, Appellant.
Charlie Crist, Attorney General, Trisha Meggs Pate, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
This is an appeal from the trial court's summary denial of the appellant's motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. Because the trial court erred by denying the appellant's claim that counsel was ineffective for failing to object to the imposition of a habitual felony offender sentence on the charge of possession of a controlled substance with the intent to sell, we reverse. We affirm all other issues without further discussion.
The appellant was found guilty of sale of cocaine and possession of cocaine with the intent to sell. On December 5, 2002, the appellant was sentenced to concurrent terms of 15 years' imprisonment as a habitual felony offender to be suspended after 5 years' imprisonment and the remaining portion to be served on probation. By way of a timely rule 3.850 motion, the appellant alleged that counsel was ineffective for failing to object to the imposition of a habitual felony offender sentence on the charge of possession of a controlled substance with the intent to sell. The trial court denied the claim as without merit. However, a defendant cannot be sentenced as a habitual felony offender for possession of a controlled substance with the intent to sell. § 893.13(1)(a)3., Florida Statutes (2001); Brown v. State, 744 So.2d 1184 (Fla. 2d DCA 1999). Thus, the appellant raised a facially sufficient claim that counsel was deficient because there was a legitimate basis for objecting to the sentence imposed by the trial court and the appellant received an illegal sentence as a result of this deficiency. Because the trial court failed to attach any portion of the record to conclusively refute this claim, we reverse and remand for further attachment of record portions or an evidentiary hearing.
*467 AFFIRMED in part, REVERSED in part, and REMANDED.
KAHN, HAWKES, and THOMAS, JJ., concur.