PER CURIAM.
Johnny Jacobs appeals the reclassification of his felony conviction for aggravated battery with a firearm. Under section 784.045, Florida Statutes (2003), the offense is a second-degree felony punishable by a prison term not to exceed fifteen years. However, in this case the trial court reclassified the felony to one of the first-degree pursuant to section 775.087(1), Florida Statutes (2003), and sentenced Ja *1269 cobs to thirty years. The reclassification of the felony was error and must be reversed. Jacobs was also convicted of shooting into an occupied vehicle and sentenced to fifteen years in prison. We affirm that conviction and sentence without discussion.
Section 784.045 provides that aggravated battery is a second-degree felony and is committed by (1) causing great bodily harm or (2) using a deadly weapon. Section 775.087(1) requires the reclassification of felonies to the next higher degree when a weapon or firearm is used in committing the felony, “except a felony in which the use of a weapon or firearm is an essential element.” Subsection (2)(a)(3) provides that if the conviction is for certain listed crimes, including aggravated battery
regardless of whether the use of a weapon is an element of the felony, and during the course of the commission of the felony such person discharged a “firearm” ... and, as a result of the discharge, death or great bodily harm was inflicted ... the convicted person shall be sentenced to a minimum term of imprisonment of not less than 25 years and not more than a term of imprisonment of life.
The proof at trial showed that Jacobs fired into an automobile driven by the victim and that the bullet struck and wounded the victim.
The trial court instructed the jury that Jacobs “has been accused of ... aggravated battery with a firearm.” In the verdict form, the jury found that Jacobs was “guilty of aggravated battery with a firearm,” that he “actually possessed a firearm during the commission of the aggravated battery,” that he “discharged a firearm during the commission of the aggravated battery,” and that he thereby “caused great bodily harm.” The trial court reclassified the second-degree felony to a first-degree felony pursuant to section 775.087(1) and sentenced Jacobs to thirty years in prison. The trial court also imposed a minimum term of twenty-five years pursuant to section 775.087(2)(a)(3) because the jury specially found that “during the commission of the felony,” Jacobs had discharged the firearm and thereby caused “great bodily harm.”
The trial court erred by reclassifying the second-degree felony of aggravated battery to a first-degree felony. Aggravated battery with a firearm is not subject to reclassification pursuant to section 775.087(1) because the use of a firearm is an essential element of the crime. Lareau v. State, 573 So.2d 813, 815 (Fla.1991); Dozier v. State, 677 So.2d 1352, 1353 (Fla. 2d DCA 1996). However, because the jury made special findings that Jacobs had discharged a firearm during the commission of the aggravated battery and caused great bodily harm, we hold that the trial court properly imposed a minimum sentence pursuant to section 775.087(2)(a)(3). Even though the aggravated battery conviction must properly be classified as a second-degree felony, subsection (2)(a)(3) directs that “the convicted person shall be sentenced to a minimum term of imprisonment of not less than 25 years and not more than a term of imprisonment of life in prison.” See Inmon v. State, 932 So.2d 518, 520 (Fla. 4th DCA 2006) (holding that even if the minimum mandatory exceeds the statutory maximum, the court must impose the minimum mandatory).
Accordingly we reverse in part, affirm in part, and remand for proceedings consistent with this opinion.
STRINGER and CANADY, JJ., and THREADGILL, EDWARD F., Senior Judge, Concur.