968 So.2d 633 (2007)
Wilbur RUDOLPH, Appellant,
v.
STATE of Florida, Appellee.
No. 2D06-4276.
District Court of Appeal of Florida, Second District.
October 26, 2007.
Deana K. Marshall of Law Office of Deana K. Marshall, P.A., Riverview, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and William I. Munsey, Jr., Assistant Attorney General, Tampa, for Appellee.
FULMER, Judge.
Wilbur Rudolph challenges the trial court's denial of his motion for postconviction relief, filed pursuant to Florida Rule of Criminal Procedure 3.850, raising four issues. We reverse the summary denial of Rudolph's claim that he received ineffective assistance of counsel when his counsel failed to object to an improper fine. On the other issues, we affirm the denial of relief without further discussion.
Rudolph alleged ineffective assistance of counsel at sentencing, asserting that his attorney failed to object to the imposition of a fine that was not authorized under the habitual offender statute. The trial court summarily denied this claim, reasoning that because the improper imposition of a fine can be raised by rule 3.800, the claim is inappropriately raised in a rule 3.850 motion. And, it reasoned, even if the claim can be raised in a rule 3.850 motion, Rudolph cannot show prejudice because "any sentencing error may be corrected at any time through the use of a [rule 3.800 motion]."
We reject the trial court's reasoning on this issue. Rudolph raised a facially sufficient claim of ineffective assistance of counsel based on his counsel's failure to object to the sentence. There was a legitimate basis for counsel to object to the sentence based on the imposition of the fine, see Willits v. State, 884 So.2d 73, 74 (Fla. 2d DCA 2004) (noting that "section 775.084 does not authorize any fines"), and Rudolph received an illegal sentence as a result of counsel's deficiency. See Penn v. State, 941 So.2d 466, 466 (Fla. 1st DCA 2006) ("[T]he appellant raised a facially sufficient claim that counsel was deficient because there was a legitimate basis for objecting to the sentence imposed by the trial court and the appellant received an *634 illegal sentence as a result of this deficiency.").
Affirmed in part, reversed in part, and remanded.
DAVIS and WALLACE, JJ., Concur.