PER CURIAM.
 

 Appellant asserts that his aggravated battery conviction was improperly reclassified from a second to a first-degree felony based on the use of a weapon, because use of a weapon is an essential element of aggravated battery.
 

 If an aggravated battery conviction arises merely from the use of a weapon, and not because of great bodily harm, reclassification is prohibited, as use of a weapon is an essential element of the charge.
 
 See Thomas v. State,
 
 932 So.2d 1221 (Fla. 5th DCA 2006); Perry
 
 v. State,
 
 858 So.2d 1270 (Fla. 1st DCA 2003). Where it is unclear whether the defendant was found guilty of aggravated battery based on great bodily harm or the use of a
 
 *367
 
 deadly weapon, enhancement is not permitted.
 
 See Perry,
 
 858 So.2d at 1272 (citing
 
 Montgomery v. State,
 
 704 So.2d 548, 550-51 (Fla. 1st DCA1997)).
 

 Here, the record does not refute Appellant’s claim that his aggravated battery sentence was improperly enhanced. Accordingly, we reverse the summary denial of Appellant’s first claim and remand for record attachments which conclusively refute Appellant’s claim or to resentence Appellant. The remaining claims are affirmed without further discussion.
 

 AFFIRMED in part, REVERSED in part, and REMANDED.
 

 THOMAS, ROBERTS, and MARSTILLER, JJ., concur.