PALMER, J.
 

 Billy B. Brady, Jr., (defendant) appeals the order entered by the trial court summarily denying his motion to correct illegal sentence filed pursuant to rule 3.800(a) of the Florida Rules of Criminal Procedure. We affirm the trial court’s denial of the defendant’s double jeopardy claim as successive, but reverse the trial court’s denial of the defendant’s claim that his conviction was improperly reclassified.
 

 The defendant was convicted of committing the crime of aggravated battery on a law enforcement officer with a special finding that he carried a firearm.
 
 [1]
 
 The trial court sentenced the defendant to an upward departure sentence of a term of life imprisonment.
 

 The defendant appealed his judgment and sentence, arguing among other things, that his double jeopardy rights were violated when he was retried on the charge of aggravated battery of a law enforcement officer because the trial court had reversed an earlier conviction for attempted manslaughter. We affirmed the defendant’s
 
 *601
 
 judgment and sentence.
 
 See Brady v. State,
 
 717 So.2d 112 (Fla. 5th DCA 1998).
 

 The defendant later filed a motion pursuant to rule 3.850 of the Florida Rules of Criminal Procedure in which he again alleged that his conviction was obtained in violation of the protection against double jeopardy. The trial court denied the motion and we affirmed that ruling.
 
 See Brady v. State,
 
 787 So.2d 871 (Fla. 5th DCA 2001).
 

 The defendant then filed the instant motion to correct illegal sentence alleging that his sentence is illegal for two reasons. First, the defendant alleges that his conviction should not have been reclassified, and thus his sentence enhanced, based on his use of a firearm because the jury was instructed regarding both the great bodily harm option and the deadly weapon option of aggravated battery and returned a general verdict thereon. The defendant maintains that it was error for the trial court to reclassify the degree level on the battery conviction because, if the jury found that his aggravated battery conviction arose from his use of a deadly weapon (and not because he inflicted great bodily harm), then his use of the weapon was an essential element of the battery conviction and reclassification would be prohibited. Second, the defendant maintains that his double jeopardy rights were violated when the trial court sentenced him for an offense greater than .a second-degree felony because, in an earlier opinion, this court held that he could be retried for the
 
 lesser
 
 offense of attempted manslaughter with a firearm (a second-degree felony).
 
 See State v. Brady,
 
 685 So.2d 984 (Fla. 5th DCA 1997). The trial court summarily denied the motion and this appeal followed.
 

 The defendant’s double jeopardy claim is barred by the law of the case doctrine because this issue was addressed and rejected on direct appeal.
 
 State v. McBride,
 
 848 So.2d 287 (Fla.2003).
 

 As for the defendant’s claim that it was error for the trial court to reclassify his aggravated battery conviction, the State concedes that reclassification is not permitted when a defendant is convicted of aggravated battery where it is not clear whether the defendant was found guilty based on a finding that he caused great bodily harm or that he used a deadly weapon.
 
 See Sampson v. State,
 
 41 So.3d 366 (Fla. 1st DCA 2010). However, the State urges affirmance, alleging that this case “was always about great bodily harm and permanent disfigurement.” We conclude that the case of
 
 Montgomery v. State,
 
 704 So.2d 548 (Fla. 1st DCA 1997), supports the defendant’s claim that it was improper for the trial court to reclassify his aggravated battery conviction because the jury rendered a general verdict after being instructed on both types of aggravated battery.
 

 In
 
 Montgomery,
 
 the defendant argued that, due to the nature of the jury’s general verdict, reclassification of his conviction was improper because it was not clear that the jury found him guilty of aggravated battery causing great bodily harm. The First District agreed, explaining:
 

 Section 775.087(1) permits reclassification and the consequential enhancement of penalties for the crime of aggravated battery causing great bodily harm when a weapon is used to commit the crime.
 
 Lareau v. State,
 
 573 So.2d 813 (Fla. 1991). Before a conviction for aggravated battery may be reclassified pursuant to section 775.087, the jury must make a factual finding that the defendant committed the crime while using a firearm.
 
 State v. Tripp,
 
 642 So.2d 728 (Fla. 1994)....
 

 The verdict herein establishes only that Montgomery was convicted of aggravat
 
 *602
 
 ed battery with a firearm. The circumstances herein are similar to the facts in
 
 Moore v. State,
 
 616 So.2d 168 (Fla. 4th DCA 1993). Therein, the trial court instructed the jury on both aggravated battery based on great bodily harm and aggravated battery based upon the use of a deadly weapon. The jury found the defendant guilty of aggravated battery with a firearm, and the trial court reclassified the conviction to a first degree felony. On appeal, the court held that, since the use of a firearm was an essential element of the offense, the trial court erred in enhancing the sentence.
 
 Id.
 
 at 168.
 
 See also Randolph v. State,
 
 591 So.2d 279 (Fla. 5th DCA 1991) (enhancement not proper where the verdict form did not clearly show whether the jury found aggravated battery by virtue of infliction of great bodily harm or by virtue of the use of a weapon ...).
 

 Since it is possible that Montgomery was convicted of a crime in which the use of a weapon or a firearm is an essential element of the offense, it was improper for the trial court to reclassify the second-degree felony to a first-degree felony. We therefore must reverse and remand for resen-tencing.
 

 Montgomery,
 
 704 So.2d at 550-51 (emphasis added).
 

 Here, the defendant was charged with aggravated battery causing great bodily harm. However, the trial court instructed the jury on both the great bodily harm option and the deadly weapon option of the aggravated battery charge, and the jury returned a general verdict of “guilty as charged”. Regardless of what language is contained in the information, if the jury is instructed on both types of aggravated battery and returns a verdict of “guilty as charged,” then reclassification is not permissible.
 

 In
 
 Hernandez v. State,
 
 30 So.3d 610 (Fla. 3d DCA 2010), the Third District, in a case in which the information charged only the great bodily harm form of aggravated battery, held that the reclassification of the charge from a second-degree felony to a first-degree felony was improper when the State’s closing argument, the jury instructions, and the verdict form referred to both forms of aggravated battery. As noted by the Third District: “The jury may have intended to find Hernandez guilty of the using-firearm form of aggravated battery. Therefore, the trial court erred in reclassifying the aggravated battery to a first degree felony.”
 
 Hernandez,
 
 30 So.3d at 612. The
 
 Hernandez
 
 court held that the reclassification resulted in an illegal sentence.
 

 The defendant’s conviction for the second-degree felony of aggravated battery was reclassified to a first-degree felony pursuant to the provisions of section 784.07 of the Florida Statutes (1995). Under the law in effect in 1995, the year when Brady committed the crime,
 
 [2]
 
 the maximum penalty for a first-degree felony was a thirty-year prison sentence.
 
 See
 
 § 921.001(5), Fla. Stat. (1995). Thus, the defendant’s life sentence must be reversed and this case remanded to the trial court to resentence the defendant accordingly.
 

 AFFIRMED in part; REVERSED in part; and REMANDED.
 

 GRIFFIN and EVANDER, JJ„ concur.
 

 [1]
 

 .
 
 See
 
 § 784.045, Fla. Stat. (1995).
 

 [2]
 

 . The court must apply the law in effect at the time the crime was committed.
 
 Allen v. State,
 
 383 So.2d 674, 675 (Fla. 5th DCA 1980).