PER CURIAM.
Andre Edwards appeals his conviction and sentence for aggravated battery with discharge of a firearm. He asserts variously that he was convicted of a crime not charged or that the jury’s failure to convict him of “aggravated battery reclassified while inflicting great bodily harm or death” precluded his conviction of aggravated battery with discharge of a firearm. We find no merit to either iteration of this claim. The offense of which he was convicted was charged, and the failure of the jury to convict of the “aggravated battery reclassified” would not preclude conviction of aggravated battery.
We agree, however, with appellant’s claim that his conviction for aggravated battery with a firearm should not have been reclassified as a first degree felony and that he, therefore, should have been sentenced to twenty years, not a twenty-five year term of imprisonment. The State implicitly concedes the error:
It is equally clear that “[ajggravated battery with a firearm is not subject to reclassification pursuant to section 775.087(1) because the use of a firearm is an essential element of the crime.” Jacobs; Lareau v. State, 578 So.2d 818 (Fla.1991); Dozier v. State, 677 So.2d 1352 (Fla. 2d DCA 1996).
However, under Section 775.087(2)(a)(2), the Defendant is subject to a 20 year minimum mandatory sentence, even though the aggravated battery is a second degree felony. Under the statute, known as the 10-20-life statute, the minimum mandatory sentence is required regardless of whether the use of a firearm is an element of the crime, if the Defendant actually discharged the firearm during the commission of the felony-
In the instant case, the evidence showed — and the jury found — that the Defendant committed an aggravated battery when he shot the victim. The jury clearly found that the Defendant discharged the firearm during the commission of the felony. Therefore, the Defendant is subject to the 20 year minimum mandatory sentence, even if his felony is a second degree felony.
We accordingly affirm the conviction, but vacate the sentence and remand for resen-tencing.
*698 AFFIRMED in part; sentence VACATED; and REMANDED.
GRIFFIN, PALMER and JACOBUS, JJ., concur.