PER CURIAM.
Appellant appeals his convictions for attempted first-degree murder and attempted robbery with a firearm and his sentences of thirty years in prison with a twenty-five year minimum mandatory. In the first two issues, appellant argues he should have been allowed to cross-examine witnesses concerning potential sentences they would face for uncharged crimes and that a detective’s unobjected-to testimony constituted hearsay. We affirm these issues, as they are without merit. In the third issue, appellant contends that the trial court erred in reclassifying the attempted robbery with a firearm to a first-degree felony and sentencing him to thirty *969 years in prison. Appellant does not challenge the imposition of the twenty-five year minimum mandatory sentence under section 775.087(2)(a)3., Florida Statutes (2009). We agree that the reclassification was in error. Because the use of a firearm is an essential element of attempted robbery with a firearm, the offense cannot be reclassified under section 775.087(1), Florida Statutes (2009). Higgins v. State, 890 So.2d 519, 519 (Fla. 4th DCA 2005). Accordingly, we reverse and remand for re-sentencing in accordance with this opinion. See Edwards v. State, 108 So.3d 696 (Fla. 5th DCA 2013); Termitus v. State, 86 So.3d 1179, 1181 (Fla. 5th DCA 2012).

Affirmed in part, reversed in part, and remanded.

DAMOORGIAN, CIKLIN and LEVINE, JJ., concur.