ORFINGER, J.
Montrell L. Johnson appeals the denial of his motion for postconviction relief filed under Florida Rule of Criminal Procedure 3.850, alleging ineffective assistance of counsel. We affirm, but write to address Johnson’s claim that his trial counsel was ineffective for failing to object to the improper- reclassification of his charged crime.[1] While we agree that Johnson’s conviction for aggravated battery should not have been reclassified to a first-degree felony, we conclude that his twenty-year sentence is otherwise legal.
At trial, the State presented eyewitness testimony that Johnson shot the victim after the two engaged in an altercation outside a nightclub. In addition to finding Johnson guilty of aggravated battery with a firearm, the jury made special findings that Johnson (1) possessed a firearm; (2) discharged a firearm; and (3) discharged a firearm and, as a result, caused great bodily harm and/or permanent disability and/or permanent disfigurement to the victim. On direct appeal, this Court held that because the jury found that Johnson’s discharge of the firearm had “caused great bodily harm and/or permanent disability and/or permanent disfigurement,” the twenty-five-year minimum enhancement set forth in section 775,087(2)(a)3., Florida Statutes (2007), commonly known as the “10-20-Life” statute, was not applicable. That provision of the statute does not apply when the result is “permanent disability” or “permanent disfigurement.” It applies only to “great bodily harm.” See Johnson v. State, 53 So.3d 360 (Fla. 5th DCA 2011). On remand, Johnson was re-sentenced to twenty years in prison pursuant to section 775.087(2)(a)2. He contends that his sentence is illegal.
Trial counsel’s failure to object to an illegal sentence constitutes ineffective assistance of counsel. Hernandez v. State, 30 So.3d 610, 612-13 (Fla. 3d DCA 2010) (citing Rudolph v. State, 968 So.2d 633 (Fla. 2d DCA 2007); Penn v. State, 941 So.2d 466 (Fla. 1st DCA 2006)). “Aggravated battery with a firearm is not subject to reclassification pursuant to section 775.087(1) because the use of a firearm is an essential element of the crime.” Jacobs v. State, 954 So.2d 1268,1269 (Fla. 2d DCA 2007) (citing Lareau v. State, 573 So.2d 813, 815 (Fla.1991); Dozier v. State, 677 So.2d 1352 (Fla. 2d DCA 1996)). Here, the State charged Johnson in a way that made use of a firearm an essential element.[2] Thus, reclassification was not permitted. § 775.087(1), Fla. Stat. (2007).
*729 However, while section 775.087(2) establishes various minimum mandatory sentences when a crime is committed with a firearm,.it does not change the degree of the offense, though the practical effect may be similar. Under section 775.087(2)(a)2., Johnson is subject to a twenty-year minimum mandatory sentence even though aggravated battery is a second-degree felony. Regardless of whether the use of a firearm is an element of the crime, the minimum mandatory sentence is required here because, as the jury found, Johnson actually discharged a firearm during the commission of the felony. See § 775.087(2)(a)2., Fla. Stat. (2007); Edwards v. State, 108 So.3d 696, 697 (Fla. 5th DCA 2013) (holding that defendant’s aggravated battery with firearm conviction should not have been reclassified as first-degree felony, and therefore, he should have been sentenced to twenty-year, not twenty-five-year, imprisonment term). “Reclassification speaks to the degree of the crime charged .... ” Cooper v. State, 455 So.2d 588, 589 (Fla. 1st DCA 1984). Reclassifications and minimum mandatory sentences operate independently of each other.[3] State v. Smith, 470 So.2d 764, 766 (Fla.. 5th DCA 1985).
We conclude that the trial court was required to impose the twenty-year minimum mandatory sentence mandated by section 775.087(2)(a) while not reclassifying the offense as prohibited by section 775.087(1).[4] We affirm the trial court’s order, but remand this matter to the trial court to correct the scrivener’s error in the sentencing documents indicating that Johnson’s conviction was for a first-degree felony. Johnson’s conviction was for a second-degree felony, but he was still subject to the 10-20-Life minimum mandatory.
AFFIRMED and REMANDED for correction of scrivener’s error.
SAWAYA and BERGER, JJ., concur.

. Appellate counsel did not serve as Johnson’s trial counsel.

. The State charged that Johnson, while in possession of a firearm, did actually and intentionally touch or strike LAQUS-HIA C[J POLLARD against [her] will ... and in doing so, discharged a handgun, a firearm and deadly weapon, which caused great bodily harm and/or permanent disability and/or permanent disfigurement to LAQUSHIA POLLARD, contrary to Florida *729 Statutes 784.045(l)(a)(l)(2) and 775.087(2)(a)(3). (1 DEG FEL)

. We do not address a situation when both a reclassification and a minimum mandatory apply.

. Johnson’s reliance on Brady v. State, 65 So.3d 599 (Fla. 5th DCA 2011), is misplaced. Brady dealt with a crime that occurred in 1995, before the enactment of the 10-20-Life statute on July 1, 1999. Hence, Brady does' not consider the interplay of the statutes at issue here.