WALLIS, J.
Samuel Kearney, III, (“Appellant”) appeals the postconviction court’s denial of his Florida Rule of Criminal Procedure 3.800(a) motion to correct an illegal sentence. The State charged Appellant with second-degree murder with a firearm, and the jury returned a verdict of guilty for the lesser-included offense of aggravated battery with a firearm. The jury additionally found that Appellant actually possessed a firearm, discharged a firearm, and caused great bodily harm by discharging a firearm during his commission of the aggravated battery. The trial court reclassified Appellant’s sentence from a second-degree felony to a first-degree felony, pursuant to section 775.087, Florida Statutes (2004), and sentenced him to forty years’ incarceration with twenty-five years minimum mandatory. After our court affirmed Appellant’s direct appeal and subsequent postconviction motions, Appellant filed a rule 3.800(a) motion, arguing the trial court improperly reclassified his conviction because use of a firearm was an essential element of the offense.
We find that the trial court erred by reclassifying Appellant’s conviction. A trial court may not reclassify a conviction for aggravated battery with a firearm under these circumstances because the felony reclassification statute- specifically precludes reclassification where a defendant is convicted of a crime for which “the use of a firearm was an essential element of the offense.” See Moore v. State, 616 So.2d 168, 169 (Fla. 4th DCA 1993) (citing Lareau v. State, 573 So.2d 813 (Fla. 1991)). Here, the trial court instructed the jury on both types of aggravated battery: “[¡Intentionally or knowingly caus[ing] great bodily harm, permanent disability, or permanent disfigurement” and “[using] a deadly weapon.” § 784.045(1), Fla. Stat. (2004). The verdict form contained lesser-included offenses of “Aggravated Battery with a Firearm” and “Aggravated Battery.” Because the jury convicted Appellant of aggravated battery with a firearm, we find *810 that Appellant’s use of a firearm was an element of the offense, thus prohibiting reclassification as a first-degree felony. See Jacobs v. State, 954 So.2d 1268, 1269 (Fla. 2d DCA 2007) (reversing reclassification where jury convicted defendant of aggravated battery with a firearm with special finding that defendant caused great bodily harm by discharging a firearm during the commission of his offense).
Regarding Appellant’s sentence, section 775.082(3)(c), Florida Statutes (2004), authorizes a maximum sentence of fifteen years’ incarceration for a second-degree felony. However, section 775.087(2)(a)3., Florida Statutes (2004), imposes a twenty-five-year minimum-mandatory term for a defendant who “discharged a ‘firearm’ or ‘destructive device’ as defined in s. 790.001 and, as the result of the discharge, death or great bodily harm was inflicted upon any person.” When the minimum-mandatory term “exceedfe] the maximum sentences authorized by s. 775.082 ... the mandatory minimum sentence must be imposed.” § 775.087(2)(c), Fla. Stat. Therefore, we reverse and remand for the trial court to correct Appellant’s conviction for aggravated battery with a firearm to reflect a second-degree felony conviction and to re-sentence Appellant to the twenty-five-year minimum-mandatory term of incarceration prescribed by section 775.087(2)(a)3.
REVERSED and REMANDED with Instructions.
LAWSON, C.J., and TORPY, J., concur.