583 So.2d 742 (1991)
Anthony Silas BROWN, Appellant,
v.
STATE of Florida, Appellee.
No. 90-3204.
District Court of Appeal of Florida, First District.
July 29, 1991.
Rehearing Denied September 3, 1991.
*743 James A. Johnston, Pensacola, for appellant.
Robert A. Butterworth, Atty. Gen., Amelia L. Beisner, Asst. Atty. Gen., Tallahassee, for appellee.
WIGGINTON, Judge.
Appellant appeals a judgment and sentence finding him guilty of aggravated battery with a weapon, a second-degree felony pursuant to section 784.045(1)(a), Florida Statutes (1989) which the trial court enhanced to a first-degree felony pursuant to section 775.087(1), Florida Statutes. Appellant challenges only the enhancement of his sentence. We reverse his sentence and remand for resentencing without the enhancement under section 775.087(1).
Appellant was charged with aggravated battery with a weapon in violation of section 784.045(1)(a)[1] and section 775.087(1)[2]. The information charged that he committed battery causing great bodily harm, permanent disability or permanent disfigurement and in the course thereof used a deadly weapon, to wit: a knife.
The court instructed the jury that before appellant could be found guilty of aggravated battery, the jury must find that the state proved as an element of the crime that he used a deadly weapon. Appellant argues that, in light of that charge, use of a deadly weapon became an essential element of the aggravated battery with which he was charged. We find that, although the use of a weapon is not an essential element of the substantive offense of aggravated battery in all cases, under the circumstances of this case, it became an essential element of the aggravated battery charged and proven, especially in light of the incorrect and confusing charge given to the jury and since the only aggravated battery shown in this case was the infliction of knife wounds. Compare Franklin v. State, 541 So.2d 1227 (Fla. 2d DCA 1989) and Webb v. State, 410 So.2d 944 (Fla. 1st DCA 1982).
Therefore, we agree with appellant that enhancement of his sentence pursuant to section 775.087(1) was improper since the use of a deadly weapon effectively was an essential element of the aggravated battery of which appellant was convicted in this case. Appellant's sentence is REVERSED and this cause is REMANDED for resentencing without enhancement pursuant to section 775.087, Florida Statutes.
WOLF, J., concurs.
ALLEN, J., specially concurs with opinion.
ALLEN, Judge, specially concurring.
I agree with the result reached in Judge Wigginton's opinion. I write simply to make some brief observations.
The charging document was properly worded. In order to charge a defendant with first degree felony aggravated battery under the enhancement provided by section 775.087(1), the involvement of the firearm must be alleged in the same count which charges a section 784.045(1)(a)l aggravated *744 battery. See State v. McKinnon, 540 So.2d 111 (Fla. 1989), and Blackwelder v. State, 476 So.2d 280 (Fla. 2d DCA 1985). That is precisely what the prosecutor did here.
The appellant's sentence must be reversed because of the trial court's very confusing efforts to instruct on the elements of a section 784.045(1)(a)l aggravated battery, and that offense as enhanced due to the appellant's alleged use of a firearm. This confusion could have been avoided if the trial judge had given the Florida Standard Jury Instruction (Criminal) for aggravated battery, ending that instruction with part 2.a., and had then given Florida Standard Jury Instruction (Criminal) 3.05(b).
NOTES
[1] Section 784.045(1)(a), Florida Statutes (1989), provides:

A person commits aggravated battery who, in committing battery:
1. Intentionally or knowingly causes great bodily harm, permanent disability, or permanent disfigurement; or
2. using a deadly weapon.
Prior to 1988, section 784.045(l) provided as follows:
A person commits aggravated battery who, in committing battery:
(a) Intentionally or knowingly causes great bodily harm, permanent disability, or permanent disfigurement; or
(b) uses a deadly weapon.
[Emphasis supplied.]
[2] Section 775.087(1) provides:

Unless otherwise provided by law, whenever a person is charged with a felony, except a felony in which the use of a weapon or firearm is an essential element, and during the commission of such felony the defendant carries, displays, uses, threatens, or attempts to use any weapon or firearm, or during the commission of such felony the defendant commits an aggravated battery, the felony for which the person is charged shall be reclassified as follows:
* * * * * *
(b) In the case of a felony of the second degree, to a felony of the first degree.
[Emphasis supplied.]