611 So.2d 57 (1992)
Israel TORRIS, Appellant,
v.
The STATE of Florida, Appellee.
No. 92-1402.
District Court of Appeal of Florida, Third District.
December 29, 1992.
Bennett H. Brummer, Public Defender, and Julie M. Levitt, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Scott Stoloff, Asst. Atty. Gen., for appellee.
Before HUBBART, NESBITT and BASKIN, JJ.
PER CURIAM.
Israel Torris appeals his conviction and sentence for aggravated battery with a firearm. Torris was found guilty of aggravated battery with a firearm, a second-degree felony. His conviction was enhanced to a first-degree felony pursuant to *58 section 775.087(1), Florida Statutes (1991), because Torris used a firearm during the commission of the felony. His sentencing guidelines scoresheet was calculated on the basis of a first-degree felony conviction.
The trial court erred in enhancing Torris's conviction to a first-degree felony based on the use of a firearm because the firearm was an essential element of the offense. Lareau v. State, 573 So.2d 813, 815 (Fla. 1991) (aggravated battery with the use of a deadly weapon not subject to reclassification pursuant to section 775.087(1) because the use of a weapon is an essential element of the crime); State v. Brown, 476 So.2d 660, 662 (Fla. 1985); § 775.087(1)(a), Fla. Stat. (1991); see Watson v. State, 591 So.2d 951 (Fla. 2d DCA 1991). Thus, the conviction, as enhanced to a first-degree felony, may not stand. Accordingly, Torris's sentence is vacated and the cause is remanded for further proceedings.
Conviction reversed; sentence vacated, and cause remanded.