653 So.2d 1122 (1995)
Michael Angelo McNEAL, Appellant,
v.
STATE of Florida, Appellee.
No. 94-737.
District Court of Appeal of Florida, First District.
April 24, 1995.
Nancy A. Daniels, Public Defender and Abel Gomez, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen. and William J. Bakstran, Asst. Atty. Gen., Tallahassee, for appellee.
JOANOS, Judge.
In this direct appeal of a conviction and sentence for attempted aggravated battery, appellant contends the trial court erred in accepting a sentencing guidelines scoresheet which reclassified the primary offense from a third to a second degree felony pursuant to section 775.087(1), Florida Statutes,[1] because in this case, the use of a weapon was an essential element of the offense. The reclassification resulted in appellant being scored 105 total points rather than 73 total points, placing him in the 5 1/2 to 7 year recommended/ 4 1/2 to 9 year permitted range rather *1123 than the 3 1/2 to 4 1/2 year recommended/ 2 1/2 to 5 1/2 year permitted range. The trial court sentenced appellant to 9 years in state prison. We agree that in this case, the use of a weapon became an essential element of the offense, and cannot be used to reclassify the degree of felony, and therefore reverse and remand for resentencing.
Appellant was charged with:
committing a battery upon Marvin Cooks by actually and intentionally touching or striking said person against said person's will, or by intentionally causing bodily harm to said person, and in commission of said battery did intentionally or knowingly cause great bodily harm, permanent disability, or permanent disfigurement to Marvin Cooks, and in commission of said crime did use a deadly weapon, to-wit: broken bottle, in violation of Sections 784.045(1)(a) and 775.087(1) ...
He was also charged with simple battery on Eric Hurst arising out of the same incident.
The trial court instructed the jury as follows on the aggravated battery:
before you can find the defendant guilty of aggravated battery under Count I, the State of Florida must prove the following two elements beyond a reasonable doubt. No. 1, they must prove that the defendant intentionally touched or struck the victim Marvin Cooks against his will or he intentionally caused bodily harm to the victim and No. 2 that the defendant in committing the battery intentionally or knowingly caused great bodily harm to the victim, permanent disability to the victim or permanent disfigurement to the victim or that he used a weapon.
The verdict form provided to the jury included the following options as to the charge of aggravated battery in count I:
(1) Guilty of Aggravated Battery with great bodily harm, permanent disability or permanent disfigurement and with a deadly weapon, as charged in the State's information.
(2) Guilty of Attempted Aggravated Battery with great bodily harm, permanent disability or permanent disfigurement, with a deadly weapon, a lesser included offense.
(3) Guilty of Battery, a lesser included offense.
(4) Guilty of Attempted Battery, a lesser included offense.
(5) Not Guilty.
The jury found appellant guilty of attempted aggravated battery. We conclude that, as in Isaac v. State, 620 So.2d 240 (Fla. 1st DCA 1993), and Brown v. State, 583 So.2d 742 (Fla. 1st DCA 1991), the use of a weapon became an essential element of the offense in this case, even though use of a weapon is not always an essential element of aggravated battery, Lareau v. State, 573 So.2d 813, 815 (Fla. 1991).
In Isaac and Brown, this court found reclassification pursuant to 775.087 improper because in those cases, the use of a deadly weapon or firearm was or became an essential element of the aggravated battery charged, even though "the use of a weapon is not an essential element of the substantive offense of aggravated battery in all cases." Brown, 583 So.2d at 743. In Brown, the information charged "that he committed battery causing great bodily harm, permanent disability or permanent disfigurement and in the course thereof used a deadly weapon, to wit: a knife." (emphasis in original) The court had instructed the jury that to find appellant guilty they had to find that the state proved use of a deadly weapon. The court determined that because of the way the jury was charged and "since the only aggravated battery shown in this case was the infliction of knife wounds," the use of a weapon became an essential element of the crime charged and proven.
In a concurring opinion in Brown, Judge Allen explained that the charging document was properly worded, because "in order to charge a defendant with first degree felony aggravated battery under the enhancement provided by section 775.087(1), the involvement of the firearm [or weapon] must be alleged in the same count which charges a section 784.045(1)(a)1 aggravated battery" (emphasis original); but the instructions to the jury were confusing, and the confusion could have been avoided by giving the appropriate *1124 part of the standard jury instruction for aggravated battery followed by standard jury instruction 3.05(b).
We conclude that, in the present case, the charging document, which referenced section 784.045(1)(a) and 775.087(1) in the same count, was worded properly. However, as in Brown, the instructions to the jury were not those designed for a case of aggravated battery based on great bodily injury where reclassification is sought due to the use of a weapon. The court gave instructions which would allow the jury to find appellant guilty under one of two alternative theories of aggravated battery: great bodily injury or use of a weapon. These instructions were not consistent with the information or with the verdict form.
In addition, the verdict form used did not permit the jury to decide whether appellant committed attempted aggravated battery based on great bodily injury independently of their determination that he used a weapon in the course of committing that offense.[2] Each of the possible ways of committing the offense were combined into a single option. In other words, the jury's options on the verdict form were limited so that if they were to convict of aggravated battery at all, the verdict form required them to also find use of a deadly weapon. Cf. Thompson v. State, 636 So.2d 599 fn. 1 (Fla. 5th DCA 1994) (verdict form provided three alternatives for jury to choose from: aggravated battery causing great bodily harm, aggravated battery with a weapon, or aggravated battery causing great bodily harm with a weapon). Given the circumstances of this case, we conclude the use of the weapon became an essential element of the offense of aggravated battery and cannot be used to reclassify the felony.
As to appellant's second point on appeal, we find no error in scoring victim injury points when appellant bit the simple battery victim, requiring him to obtain a tetanus shot.
AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings consistent with this opinion.
ERVIN and WOLF, JJ., concur.
NOTES
[1] otherwise provided by law, whenever a person is charged with a felony, except a felony in which the use of a weapon or firearm is an essential element, and during the commission of such felony the defendant carries, uses, threatens, or attempts to use any weapon or firearm, or during the commission of such felony the defendant commits an aggravated battery, the felony for which the person is charged shall be reclassified as follows ... (emphasis supplied)
[2] In State v. Tripp, 642 So.2d 728 (Fla. 1994), the supreme court said there must be a specific finding on the jury form that a weapon was used in order for the felony to be reclassified under 775.087(1). See also State v. Overfelt, 457 So.2d 1385 (Fla. 1984). It appears that may have been the purpose of including, on the jury form here, the language "with a deadly weapon" on the lines with aggravated battery and attempted aggravated battery.