677 So.2d 1352 (1996)
Henry Anthony DOZIER, Appellant,
v.
STATE of Florida, Appellee.
No. 94-03461.
District Court of Appeal of Florida, Second District.
August 7, 1996.
James Marion Moorman, Public Defender, and Steven L. Bolotin, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Patricia J. Hakes, Assistant Attorney General, Tampa, for Appellee.
PER CURIAM.
The appellant, Henry Anthony Dozier, appeals the trial court's judgments and sentences. We reverse and remand for resentencing.
The appellant was charged with aggravated battery and robbery with a weapon, in violation of sections 784.045 and 812.13(1) and (2)(b), Florida Statutes (1993). The appellant subsequently filed a motion in limine to exclude the victim's out-of-court and in-court identifications of the appellant on the grounds that they were the product of unduly suggestive procedures. The trial court denied the motion and a jury trial followed.
At the conclusion of the jury trial, the trial judge noted a deviation in the charging document and jury instruction for aggravated battery from the standard jury instruction for aggravated battery. The trial judge stated that the standard jury instruction for aggravated battery provided that the offense could be committed in two ways, i.e. by intentionally or knowingly causing great bodily harm, permanent disability, or permanent disfigurement or by using a deadly weapon. However, the instant charging document and instruction did not indicate that the offense could be committed in the alternative and instead provided "and in so doing used a deadly weapon." The trial judge stated that if the defense wished he would change the instruction to conform to the standard instruction, however, the prosecutor responded that the charging document was worded that way in order to enhance the charge from a second degree felony to a first degree felony. The defense stated that they had no objection to the instruction as written and the jury was instructed accordingly.
The jury subsequently found the appellant guilty as charged and the trial court sentenced him on both counts as a habitual violent felony offender to two concurrent terms of life imprisonment with fifteen year minimum terms for the habitual offender classification and ordered restitution. The trial court also revoked his probation in another case, adjudicated him guilty of possession of cocaine, and sentenced him to five years in prison to run concurrently with the *1353 instant case. A timely notice of appeal followed.
We disagree with the appellant's contention that the trial court erred in denying his motion in limine and, accordingly, affirm the court's order without further discussion. We agree, however, with the appellant's other contention that the trial court erred in reclassifying the aggravated battery offense from a second degree felony to a first degree felony. Further, we reject the state's contention that the appellant waived the reclassification issue by agreeing to the instruction. See Senterfitt v. State, 515 So.2d 411 (Fla. 1st DCA 1987), rev. denied, 523 So.2d 578 (Fla. 1988). Accordingly, we reverse and remand for resentencing.
The information charged that the appellant committed aggravated battery, a first degree felony, in that the appellant:
[D]id unlawfully, actually, and intentionally touch or strike the person of WAYMON WILLIAMS against his will, and in so doing did intentionally or knowingly cause great bodily harm, permanent disability or permanent disfigurement to the said WAYMON WILLIAMS, and in so doing used a deadly weapon, to-wit: a concrete block.
Section 784.045(1)(a), Florida Statutes (1993), provides that a person commits aggravated battery when, in committing the battery, that person "1. Intentionally or knowingly causes great bodily harm, permanent disability, or permanent disfigurement; or 2. Uses a deadly weapon."
Although section 784.045(2) defines aggravated battery as a second degree felony, section 775.087(1), Florida Statutes (1993), permits second degree felonies to be reclassified as first degree felonies under certain circumstances when a weapon is used in committing the felony. However, reclassification is precluded under the statute if the crime charged requires use of a weapon as one of its essential elements. See McNeal v. State, 653 So.2d 1122 (Fla. 1st DCA 1995). See also Brown v. State, 583 So.2d 742 (Fla. 1st DCA 1991).
In the instant case, the jury instruction for aggravated battery stated:
Before you can find the defendant, Henry Anthony Dozier, guilty of Aggravated Battery under Count One of the Information, the State must prove the following two elements beyond a reasonable doubt....
1. Henry Anthony Dozier intentionally touched or struck Waymon Williams against his will.
2. Henry Anthony Dozier in committing the battery intentionally or knowingly caused great bodily harm, permanent disability or permanent disfigurement to Waymon Williams, and in so doing used a deadly weapon.
(Emphasis added.)
The jury instruction given did not permit the jury to decide whether the appellant committed aggravated battery based on great bodily injury independently of their determination that he used a weapon in the course of committing that offense. See McNeal, 653 So.2d at 1124. Therefore, we find that the use of a weapon became an essential element of the offense and cannot be used to reclassify the degree of felony.
Accordingly, we reverse and remand for resentencing.
Reversed and remanded.
SCHOONOVER, A.C.J., and QUINCE and WHATLEY, JJ., concur.