763 So.2d 376 (2000)
Oleg BOGDANON, Appellant,
v.
STATE of Florida, Appellee.
No. 2D99-582.
District Court of Appeal of Florida, Second District.
January 14, 2000.
James Marion Moorman, Public Defender, and Bruce P. Taylor, Assistant Public Defender, Bartow, for Appellant.
*377 Robert A. Butterworth, Attorney General, Tallahassee, and Stephen D. Ake, Assistant Attorney General, Tampa, for Appellee.
FULMER, Judge.
Oleg Bogdanon appeals his conviction and sentence for aggravated battery. We affirm the conviction, but remand for resentencing.
Bogdanon first argues that the trial court erred in admitting hearsay statements describing the contents of medical records. Although we agree that the hearsay statements were not admissible, the statements were cumulative of the treating doctor's direct testimony regarding the victim's injuries. We, therefore, conclude that the error was harmless in this case.
As to the sentence imposed, Bogdanon argues that the trial court erred in utilizing the deadly weapon enhancement in section 775.087(1)(b), Florida Statutes (1997), because the use of a weapon was an essential element of the offense. The trial court utilized the deadly weapon enhancement to increase the crime from a second to a first degree felony. Section 775.087(1)(b) precludes reclassification if the crime charged requires the use of a weapon as one of its elements. See Dozier v. State, 677 So.2d 1352 (Fla. 2d DCA 1996).
The information charged that the battery was committed with the use of a deadly weapon. The jury was instructed that the State was required to prove that Bogdanon caused great bodily harm "and/ or" used a deadly weapon. Because the evidence supports a finding that Bogdanon used a deadly weapon, we are unable to say that the jury did not utilize that alternative.
The State argues that we should affirm because this issue was not presented below. We rejected this argument in Dozier, citing Senterfitt v. State, 515 So.2d 411 (Fla. 1st DCA 1987). Accordingly, we reverse and remand for resentencing.
Affirmed in part, reversed in part, and remanded for resentencing.
CAMPBELL, A.C.J., and ALTENBERND, J., Concur.