BROWNING, J.
Edward Scaife (Appellant) appeals the trial court’s reclassification of his second-degree felony aggravated battery conviction, as a first-degree felony for sentencing purposes. Appellant was convicted of “aggravated battery with great bodily harm or with a firearm.” Appellant argues that the alternative manner in which the aggravated battery was charged allowed the jury to convict on a theory of aggravated battery with great bodily harm or aggravated battery with a firearm and, under such circumstances, reclassification is improper.. We agree and reverse.
Reclassification of an aggravated battery conviction from a second-degree felony to a first-degree felony is error when it is unclear from the verdict form whether a defendant was found guilty of aggravated battery causing great bodily harm, for which reclassification is available, or aggravated battery with the use of a firearm, for which reclassification is not available because use of a firearm is an essential element of the offense. See Montgomery v. State, 704 So.2d 548 (Fla. 1st DCA 1997); McNeal v. State, 653 So.2d 1122 (Fla. 1st DCA 1995). In the case at bar, the jury’s verdict provided that Appellant was: “Guilty of aggravated battery with great bodily harm or with a firearm.” Because it is unclear from the verdict form whether the jury convicted Appellant of aggravated battery with use of a firearm, or aggravated battery with great bodily harm, reclassification was error. Accordingly, we reverse and remand for resentencing under a corrected sentencing guidelines scoresheet. Upon re-sentencing, as agreed by the parties in their briefs, Appellant should receive a three-year minimum mandatory sentence for the use of a firearm.
REVERSED and REMANDED.
MINER and BENTON, JJ., CONCUR.