ALTENBERND, Judge,
Concurring.
,Mr. Jemmott was charged with and convicted of aggravated battery causing great bodily harm and involving a deadly weapon. Even though aggravated battery can be established by proof of either great bodily harm or use of a deadly weapon, see § 784.045(1)(a), Fla. Stat. (1997); Dozier v. State, 677 So.2d 1352, 1352-53 (Fla. 2d DCA 1996), the jury was instructed that it must find both that Mr. Jemmott used a deadly weapon and also that the battery resulted in great bodily harm. On the verdict form, the jury expressly found both elements.
I agree that Mr. Jemmott’s testimony entitled him to receive an instruction on the defense of justifiable use of nondeadly force. Because this defense applied only to the lesser offense of simple battery, which the jury did not reach, I agree that the error was harmless. Although the failure to give an instruction on a next lesser offense, such as simple battery in this case, is per se error, the omission of a defense to such a lesser offense should be treated like an omission of a lesser offense that is two steps removed. Cf. State v. Abreau, 363 So.2d 1063 (Fla.1978) (holding omission of instruction on next lesser offense is per se error and omission of instruction on lesser offense two steps removed may be harmless).
In this case, in light of the evidence and the jury’s verdict, it is inconceivable that the jury would ever have been swayed to reach a different result if it had been instructed on a defense that required them to conclude that Mr. Jemmott had only *476 used nondeadly force to ward off an aggressor.