BLUE, Acting Chief Judge.
Frances Brown was sentenced to concurrent sentences as a habitual felony offender and as a prison releasee reoffender following her conviction for aggravated battery. Because her conviction was erroneously enhanced, we reverse and remand for resentencing.
Ms. Brown contends that the trial court erred in utilizing the deadly weapon enhancement in section 775.087(l)(b), Florida Statutes (1997), because the use of a weapon was an essential element of the offense. The trial court utilized the deadly weapon enhancement to increase the crime from a second to a first-degree felony. Section 775.087(l)(b) precludes reclassification if the crime charged requires the use of a weapon as one of its elements. See Dozier v. State, 677 So.2d 1352 (Fla. 2d DCA 1996).
The information charged that Ms. Brown caused great bodily harm, perma *59 nent disability or permanent disfigurement to the victim, and in so doing used a deadly weapon, to-wit: a glass bottle. The verdict form stated that the defendant was guilty of aggravated battery causing great bodily harm or permanent disability or permanent disfigurement with a deadly weapon as charged. Because the evidence supports a finding that Ms. Brown used a deadly weapon, we cannot rule out the possibility that the jury utilized that alternative. Accordingly, the court erred in applying the enhancement statute. See also Bogdanon v. State, 763 So.2d 376 (Fla. 2d DCA 2000); Legg v. State, 742 So.2d 826 (Fla. 2d DCA 1999).
Accordingly, we reverse and remand for resentencing.
CASANUEVA and STRINGER, JJ„ concur.