944 So.2d 1026 (2006)
Joseph J. CABRAL, Appellant,
v.
STATE of Florida, Appellee.
No. 1D04-5208.
District Court of Appeal of Florida, First District.
May 15, 2006.
*1027 Nancy A. Daniels, Public Defender, and Terry Carley, Assistant Public Defender, Tallahassee, for Appellant.
Charlie Crist, Attorney General, and Edward C. Hill, Jr., Special Counsel, Criminal Appeals, Tallahassee, for Appellee.
PER CURIAM.
Joseph J. Cabral challenges the enhancement of his aggravated battery conviction to a first degree felony for use of a weapon during the commission of the offense. The elements of aggravated battery under section 784.045(1)(a), Florida Statutes (2003), include committing battery "[i]ntentionally or knowingly caus[ing] great bodily harm, permanent disability or permanent disfigurement; or . . . [using] a deadly weapon." Here, the verdict returned by the jury included findings that appellant knowingly and intentionally caused great bodily harm, permanent disability and permanent disfigurement; that appellant used a weapon; and that appellant used a deadly weapon. In addition, the judgment of conviction describes the offense as "aggravated battery with great bodily harm and with a deadly weapon." Thus, it cannot be said that appellant's conviction for aggravated battery was not based on the use of a deadly weapon. Because it is unclear whether appellant was found guilty of aggravated battery based on great bodily harm or the use of a deadly weapon, enhancement of his sentence for the use of a deadly weapon pursuant to section 775.087(1), Florida Statutes, was not permissible. Perry v. State, 858 So.2d 1270 (Fla. 1st DCA 2003), and Dozier v. State, 677 So.2d 1352 (Fla. 2d DCA 1996). Accordingly, appellant's life sentence is reversed, and the cause is remanded for resentencing of the offense as a second degree felony. The trial court's finding that Cabral is subject to sentencing as a violent career criminal is not affected by this decision.
REVERSED and REMANDED for resentencing.
ERVIN, BARFIELD and VAN NORTWICK, JJ., concur.