978 So.2d 854 (2008)
Jessie James HURRY, Appellant,
v.
STATE of Florida, Appellee.
No. 1D07-1768.
District Court of Appeal of Florida, First District.
April 7, 2008.
Nancy A. Daniels, Public Defender, and Jamie Spivey, Assistant Public Defender, Tallahassee, for Appellant.
Bill McCollum, Attorney General, and Donna A. Gerace and Giselle Lylen Rivera, Assistant Attorneys General, Tallahassee, for Appellee.
PER CURIAM.
The appellant contends that his aggravated battery conviction should not have been reclassified as a first degree felony, and that he therefore should not have been sentenced to a thirty year term of imprisonment. An aggravated battery is ordinarily a second degree felony punishable by a maximum of fifteen years imprisonment. See § 784.045(2), and § 775.082(3)(c), Fla. Stat. However, the appellant's offense was properly reclassified as a first degree felony pursuant to section 775.087(1), Florida Statutes, and was thus punishable by up to thirty years imprisonment. See § 775.082(3)(b), Fla. Stat.
Aggravated battery can be committed in alternative ways, such as by causing great bodily harm or by using a deadly weapon. See § 784.045(1), Fla. Stat. As indicated in section 775.087(1), a degree reclassification pertains when the offense is committed with the use of a weapon, unless the use of the weapon is an essential element of the crime. The appellant relies on Cabral v. State, 944 So.2d 1026 (Fla. 1st DCA 2006), where this court was unable to determine whether an aggravated battery conviction was based on great bodily harm or the use of a deadly weapon, and a § 775.087(1) reclassification was therefore precluded. See also, Perry v. State, 858 So.2d 1270 (Fla. 1st DCA 2003); Dozier v. State, 677 So.2d 1352 (Fla. 2d DCA 1996).
In Cabral the jury found great bodily harm and the use of a deadly weapon. In the present case the jury made a similar finding, but it is clear that the aggravated battery here is independently established by the great bodily harm, and the use of a deadly weapon is thus not an essential element of the aggravated battery. Instead, use of the weapon is an additional *855 factor which permits reclassification under § 775.087(1).
The appealed order is affirmed.
ALLEN, WEBSTER, and PADOVANO, JJ., concur.