997 So.2d 469 (2008)
Robert B. WEBB, Appellant,
v.
STATE of Florida, Appellee.
No. 2D07-1040.
District Court of Appeal of Florida, Second District.
December 12, 2008.
James Marion Moorman, Public Defender, and Judith Ellis, Assistant Public Defender, Bartow, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Susan M. Shanahan, Assistant Attorney General, Tampa, for Appellee.
CASANUEVA, Judge.
The State of Florida charged Robert B. *470 Webb with aggravated battery[1] for shooting and maiming Everett Baker. At trial, the jury found him guilty as charged. The trial court reclassified the second-degree felony conviction to a first-degree felony because Mr. Webb used a firearm[2] and sentenced him to thirty years as a prison releasee reoffender with a twenty-five-year minimum mandatory.[3] Mr. Webb filed a motion to correct sentence pursuant to Florida Rule of Criminal Procedure 3.800(b)(2), claiming error in reclassifying the felony but was denied relief. He now seeks that relief from this court. We reverse.
Aggravated battery can be accomplished by either inflicting great bodily harm or using a deadly weapon.[4] The proof at trial showed that Mr. Baker and Mr. Webb were in front of an apartment complex when Mr. Baker approached Mr. Webb to speak to him about a debt. When Mr. Baker asked for his money, Mr. Webb shot him in the leg. The shooting left Mr. Baker with scars on the front and back of his leg, nerve damage, problems in moving his foot, and constant sensations in the lower part of the leg.
In charging the crime, the information provided:
Robert B. Webb ... did unlawfully, actually, and intentionally touch or strike the person of Everett Baker, against his will, and in so doing did intentionally or knowingly cause great bodily harm, permanent disability, or permanent disfigurement to the said Everett Baker, and in so doing used a firearm and did discharge said firearm during the course of the commission of the offense, and as a result of the discharge, said great bodily harm was inflicted upon Everett Baker.
In instructing the jury, the trial court said:
Aggravation of a felony by carrying a firearm. If you find that Robert Webb committed aggravated battery and you also find that during the commission of a crime he used a firearm, you should find him guilty of aggravated battery with a firearm.
A firearm is legally defined as any weapon which will, is designed to, or may be readily be converted [sic] to expel a projectile by the action of an explosive.
If you find that the defendant committed aggravated battery with a firearm, you must also determine whether the defendant actually possessed or discharged a firearm during the course of the commission of the offense.
If you find that the defendant discharged a firearm and, as a result of the discharge, great bodily harm was inflicted upon Everett Baker, you should find Robert Webb guilty of aggravated battery with a firearm by discharging a firearm and causing great bodily harm.
The verdict form given to the jury to consider offered the following options:
____ A. The defendant is guilty of aggravated Battery with a Firearm (Discharging Firearm and inflicting Great Bodily harm), as charged.
____ B. The defendant is guilty of Aggravated Battery with a Firearm (Discharging a Firearm).

*471 ____ F. The defendant is guilty of Battery.
____ G. The defendant is not guilty.
The jury chose option A on the verdict form.
Section 775.087(1) requires that a second-degree felony be reclassified to a first-degree felony when a weapon or firearm is used to commit the felony, except a felony in which the use of a weapon or firearm is an essential element. The statute applies when the conviction is for certain listed crimes, one of which is aggravated battery. See § 775.087(2)(a)(1)(g). Great-bodily-injury type of aggravated battery is subject to reclassification under this section while the deadly-weapon type of aggravated battery is not, because use of a weapon is an essential element of this type of aggravated battery. Lareau v. State, 573 So.2d 813 (Fla. 1991). The problem in this case occurred because the jury verdict form is unclear as to which form of aggravated battery the jury found Mr. Webb committed. The verdict form shows that both options A and B, the only options offered for a finding of aggravated battery, denominated the crime as "aggravated battery with a firearm," with option A followed by a firearm inflicting great bodily harm and option B followed by discharge of a firearm. The jury was not given the option of choosing the bodily-injury type of aggravated battery without the use of a firearm or the ability to expressly enhance that type with a separate finding that a firearm was used.
As this court previously warned in Dozier v. State, 677 So.2d 1352 (Fla. 2d DCA 1996):
The jury instruction given did not permit the jury to decide whether the appellant committed aggravated battery based on great bodily injury independently of their determination that he used a weapon in the course of committing that offense. Therefore, we find that the use of a weapon became an essential element of the offense and cannot be used to reclassify the degree of felony.
Id. at 1353 (citation omitted); see Crawford v. State, 858 So.2d 1131 (Fla. 2d DCA 2003) (accord); Cabral v. State, 944 So.2d 1026, 1027 (Fla. 1st DCA 2006) ("[B]ecause it is unclear whether appellant was found guilty of aggravated battery based on great bodily harm or the use of a deadly weapon, enhancement of his sentence for the use of a deadly weapon pursuant to section 775.087(1), Florida Statutes, was not permissible.").
The transcript of the jury charge conference at trial shows that the trial court omitted options C, D, and E from the verdict form because the only proof adduced by the State was that the discharge of the firearm inflicted the bodily injury. Unfortunately, by limiting the jury's options, the use of a firearm thus "became" an essential element of the crime charged. In reversing a similar reclassification where a stabbing with a knife inflicted the bodily harm, the First District in McNeal v. State, 653 So.2d 1122 (Fla. 1st DCA 1995), concluded that the verdict form did not permit the jury to find that the defendant committed aggravated battery based on great bodily injury independently of determining that he used a weapon to commit the offense. "In other words, the jury's options on the verdict form were limited so that if they were to convict of aggravated battery at all, the verdict form required them to also find use of a deadly weapon." Id. at 1124. The court then suggested three options that could have been given in these circumstances to avoid this problem: aggravated battery causing great bodily harm, aggravated battery with a weapon, or aggravated battery causing great bodily harm with a weapon. Id. (citing Thompson v. State, 636 So.2d *472 599 n. 1 (Fla. 5th DCA 1994)); see also Perry v. State, 858 So.2d 1270, 1272 (Fla. 1st DCA 2003) ("[B]ecause the record does not establish that the appellant was convicted of aggravated battery based solely on great bodily harm, enhancement is again not permitted.").
Because the jury made no express or unambiguous finding of guilt for inflicting great bodily harm in which use of a firearm was not an essential element of the crime, the trial court erred in reclassifying the second-degree felony to a first-degree felony and in denying Mr. Webb's rule 3.800(b)(2) motion.[5]
Judgment and sentence reversed; cause remanded for further proceedings in accord with this opinion.
WALLACE, J., Concurs.
ALTENBERND, J., Dissents with opinion.
ALTENBERND, Judge, Dissenting.
Our holding today has little practical significance because Mr. Webb will still serve the twenty-five-year minimum mandatory sentence imposed at this sentencing hearing. I cannot, however, agree with the reasoning in this opinion. The issue on appeal is not whether the verdict form could have been better written; it could have. The only issue is whether this verdict was adequate to give the trial judge a factual basis to sentence Mr. Webb for aggravated battery based upon great bodily harm and also to reclassify the offense for use of a firearm. I conclude that the verdict was adequate to support the judge's sentencing decision.
The jury checked the box finding "the defendant guilty of aggravated Battery with a Firearm (Discharging Firearm and inflicting Great Bodily harm), as charged." The next option on the verdict form also gave the jury the option of finding Mr. Webb guilty of aggravated battery based solely upon the use of a firearm, without any finding of great bodily harm. Based upon the jury's selection, the judge, in my opinion, was permitted to use the finding of "great bodily harm" as a factual basis to find Mr. Webb guilty of the offense of aggravated battery. The judge could then use the additional findings of "with a firearm" and "discharging firearm" in this option to enhance the offense. I doubt that defense counsel had any obligation to request additional options on the verdict form that theoretically would have allowed the jury to find an aggravated battery based only on the element of great bodily harm without the use of a deadly weapon when no one disputed that the victim was seriously hurt as a result of the discharge of a firearm. Even if defense counsel should have asked for a better verdict form, I conclude this one legally permitted the judge to enter the enhanced conviction challenged on appeal. I therefore dissent from this opinion.
NOTES
[1] See § 784.045, Fla. Stat. (2006).
[2] See § 775.087(1), Fla. Stat. (2006).
[3] See § 775.082.
[4] Section 784.045 provides the following:

(1)(a) A person commits aggravated battery who, in committing battery:
1. Intentionally or knowingly causes great bodily harm, permanent disability, or permanent disfigurement; or
2. Uses a deadly weapon.
[5] Although Mr. Webb's conviction and resulting sentence must be reduced again to a second-degree felony, subsections 775.087(2)(a)(3) and (2)(c) still require a minimum mandatory term of twenty-five years, regardless of the statutory maximum for this level of crime.