DAKAN, STEPHEN L., Associate Senior Judge.
 

 Dennis Metz challenges his judgment and sentence for aggravated battery. Because the trial court erred by reclassifying
 
 *33
 
 the offense from a second-degree felony to a first-degree felony, pursuant to section 775.087(l)(b), Florida Statutes (2006), we reverse and remand for the trial court to resentence Metz for a second-degree felony.
 

 “Section 775.087(1) requires that a second-degree felony be reclassified to a first-degree felony when a weapon or firearm is used to commit the felony, except a felony in which the use of a weapon or firearm is an essential element.”
 
 Webb v. State,
 
 997 So.2d 469, 471 (Fla. 2d DCA 2008). While aggravated battery based on the infliction of great bodily harm would be subject to reclassification under this section, the deadly-weapon type of aggravated battery is ■ not, because use of a weapon is an essential element.
 
 Id.
 

 Here, the jury was instructed that it could find Metz guilty of aggravated battery either by finding great bodily harm or use of a deadly weapon. The verdict form provided, as a choice of a lesser included offense
 
 [1]
 

 _GUILTY OF AGGRAVATED BATTERY, a lesser included offense, and we further find that during the commission of said felony the defendant: (Check only one if found guilty of aggravated battery)
 

 _Did use or threaten to use or attempt to use a weapon.
 

 _Did not use or threaten to use or attempt to use a weapon.
 

 Thus, the jury was left only with the option of finding that he committed aggravated battery either by using or threatening or attempting to use a deadly weapon or by not using or threatening .or attempting to use a deadly weapon. The jury was not provided with the
 
 express
 
 option of finding Metz guilty based solely on great bodily injury.
 

 We recognize that because the jury was provided with the option of finding Metz guilty of aggravated battery even where Metz did
 
 not
 
 use or threaten to use or attempt to use a weapon, there is an implication that the jury in this case did have the option of selecting bodily-injury aggravated battery without the use of a weapon.
 
 Cf. Webb,
 
 997 So.2d at 470-71 (noting that where verdict form reflected two forms of aggravated battery, but both involved the use of a firearm, the jury was not given the option of choosing the bodily-injury type of aggravated batteiy without the use of a firearm). And the jury’s finding that Metz did use or threaten to use or attempt to use a weapon could be construed as a separate enhancement decision by the jury. Yet, based on the verdict form itself,, which nowhere expressly specified that there were two types of aggravated battery, we cannot rule out the possibility that the jury was basing its verdict on the deadly-weapon type of aggravated battery for which reclassification is improper.
 
 See Webb,
 
 997 So.2d at 471;
 
 see also Crawford v. State,
 
 858 So.2d 1131, 1132 (Fla. 2d DCA 2003). Accordingly, we reverse and remand for resentencing.
 

 Reversed and remanded.
 

 WHATLEY and KHOUZAM, JJ„ Concur.
 

 [1]
 

 . Metz was originally charged with attempted second-degree murder.