PER CURIAM.
 

 Luis A. Hernandez (“Hernandez”) appeals from the denial of his Florida Rule of Criminal Procedure 3.850 motion for post-conviction relief. We affirm in part and reverse in part.
 

 The State charged and tried Hernandez for, among other crimes, aggravated battery. The aggravated battery count of the information alleged that Hernandez “committed] an aggravated battery upon [victim] by actually and intentionally touching or striking the person of [victim] against said person’s will, and did thereby knowingly or intentionally cause great bodily harm, and/or permanent disfigurement, and/or permanent disability ... and during the commission of the offense, said defendant possessed a firearm or destructive device, in violation of s. 782.045(1)(A)1 and s. 775.087 Florida Statutes.”
 

 At trial, the evidence showed that Hernandez beat the victim with a gun, causing injuries which included a head wound, bro
 
 *612
 
 ken fingers, and a severed finger. The prosecutor, in closing argument, and the trial judge, in jury instructions, failed to distinguish between aggravated battery causing great bodily harm and aggravated battery using a deadly weapon. The jury verdict form also did not clearly separate the type of aggravated battery.
 

 After deliberations, the jury checked the box for guilty of aggravated battery and the sub-box stating “With a Firearm.” Based on this verdict, the trial court reclassified the aggravated battery charge to a first-degree felony pursuant to section 775.087(1), Florida Statutes (2003). Defense counsel did not object to the reclassification.
 

 This Court affirmed Hernandez’ conviction and sentence in an Anders
 
 [1]
 
 appeal.
 
 Hernandez v. State,
 
 903 So.2d 943 (Fla. 3d DCA 2005). Thereafter, Hernandez challenged the reclassification sentence both in this Court and the trial court. Hernandez unsuccessfully petitioned this Court for a writ of habeas corpus, alleging ineffective assistance of appellate counsel.
 
 Hernandez v. State,
 
 965 So.2d 138 (Fla. 3d DCA 2007).
 

 In the trial court, Hernandez filed the instant rule 3.850 motion, which, among other claims, argued that his trial counsel was ineffective for failing to object to the trial court’s reclassifying the aggravated battery count. The trial court denied the rule 3.850 motion, and Hernandez appealed.
 

 Hernandez asserts the trial court erred in summarily denying his claim of ineffective assistance of counsel for failing to object to the reclassification. The State contends the trial court properly denied the claim. We agree with Hernandez.
 

 First, we must determine whether the aggravated battery was improperly reclassified. Aggravated battery is a see-ond-degree felony that can be accomplished by either: (a) inflicting great bodily harm, or (b) using a deadly weapon. § 784.045(l)(a), Fla. Stat. (2003). Section 775.087(l)(b) authorizes a court to reclassify a second-degree felony to a first-degree felony when a firearm is used to commit the crime, except where use of a firearm is already an essential element of the crime. Thus, an aggravated battery inflicting great bodily harm may be enhanced, but an aggravated battery using a deadly weapon may not be enhanced because use of a firearm is already an essential element of the crime.
 
 See, e.g., Lareau v. State,
 
 573 So.2d 813 (Fla.1991);
 
 Metz v. State,
 
 15 So.3d 32 (Fla. 2d DCA 2009);
 
 Benjamin v. State,
 
 8 So.3d 460 (Fla. 4th DCA 2009);
 
 Torris v. State,
 
 611 So.2d 57 (Fla. 3d DCA 1992).
 

 Sometimes it is unclear whether the jury found the defendant guilty of one or the other form of aggravated battery. In such instances, appellate courts have held that the trial court may not reclassify the aggravated battery conviction.
 
 Metz,
 
 15 So.3d at 32;
 
 Webb v. State,
 
 997 So.2d 469 (Fla. 2d DCA 2008);
 
 Cabral v. State,
 
 944 So.2d 1026 (Fla. 1st DCA 2006).
 

 Here, the information charged only the great-bodily-harm form of aggravated battery. However, the State’s closing arguments, the jury instructions, and the verdict form referred to both forms of aggravated battery without distinguishing between the two. The jury may have intended to find Hernandez guilty of the using-firearm form of aggravated battery. Therefore, the trial court erred in reclassifying the aggravated battery to a first-degree felony.
 

 Next, we must consider whether defense counsel’s failure to object to reclassification constituted ineffective assistance of trial counsel. Under
 
 Strickland
 
 
 *613
 

 v. Washington,
 
 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), a claim of ineffective assistance of counsel is assessed under a two-prong test. First, the defendant must show that counsel’s performance was deficient. Second, the defendant must show that the deficient performance prejudiced the defense. A trial counsel’s failure to object to an illegal sentence meets the
 
 Strickland
 
 standard for an ineffective assistance of counsel claim.
 
 See, e.g., Rudolph v. State,
 
 968 So.2d 638 (Fla. 2d DCA 2007);
 
 Penn v. State,
 
 941 So.2d 466 (Fla. 1st DCA 2006).
 

 The record in this case clearly shows that Hernandez’ defense counsel failed to object to the reclassification, which resulted in an illegal sentence. Defense counsel’s failure to object to this illegal sentence constituted ineffective assistance of counsel. Thus, the trial court erred in denying Hernandez’ claim for ineffective assistance of counsel.
 

 Accordingly, we reverse and remand for resentencing, with the aggravated battery classified as a second-degree rather than a first-degree felony. We affirm the trial court’s denial of all other claims raised in the rule 3.850 motion.
 

 Reversed in part, affirmed in part, and remanded for resentencing.
 

 [1]
 

 .
 
 Anders
 
 v.
 
 California,
 
 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).