PER CURIAM.
We affirm the denial of appellant’s motion for postconviction relief with the sole exception of appellant’s claim that his con *366 viction for aggravated battery under section 784.045(l)(a), Florida Statutes (2009), could not be reclassified from a second-degree felony to a first-degree felony under section 775.087(1), Florida Statutes (2009), based on the use of a weapon, which was an essential element of the offense. The jury in this case returned a verdict finding appellant “[gjuilty of Aggravated Battery Causing Permanent Disability, Permanent Disfigurement, or Great Bodily Harm and with a Deadly Weapon, as charged in the Information.” Appellant’s conviction for aggravated battery under both statutory theories cannot be reclassified pursuant to section 775.087(1) because it cannot be determined that the conviction was not based on the use of a deadly weapon. Descault v. State, 90 So.3d 997 (Fla. 1st DCA 2012); Hernandez v. State, 30 So.3d 610 (Fla. 3d DCA 2010); Webb v. State, 997 So.2d 469 (Fla. 2d DCA 2008); Cabral v. State, 944 So.2d 1026 (Fla. 1st DCA 2006); Perry v. State, 858 So.2d 1270 (Fla. 1st DCA 2003); Dozier v. State, 677 So.2d 1352 (Fla. 2d DCA 1996); McNeal v. State, 653 So.2d 1122 (Fla. 1st DCA 1995); Brown v. State, 583 So.2d 742 (Fla. 1st DCA 1991). Accordingly, we reserve and remand for resen-tencing of the offense as a second-degree felony.
AFFIRMED in part; REVERSED in part; and REMANDED for resentencing.
BENTON, SWANSON, and OSTERHAUS, JJ., concur.