15-3965IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

JOSE ALEJANDRO PEREZ-FLORES,

       Appellant,

 v.                            Case No.  5D15-3965

STATE OF FLORIDA,

       Appellee.

_____/

Opinion filed March 31, 2017

Appeal from the Circuit Court
for Orange County,
Marc L. Lubet, Judge.

Jennifer M. Manyen, of Appeals Law Group,
Orlando, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Kellie A. Nielan, Assistant
Attorney General, Daytona Beach, for
Appellee.


PER CURIAM.

     Jose Alejandro Perez-Flores appeals his convictions and sentences following a

jury trial for attempted manslaughter by act with a weapon and aggravated battery with a

deadly weapon or causing great bodily harm.  We affirm his convictions, but reverse his

sentence on the aggravated battery and remand for further proceedings.

Perez-Flores argues, and the State properly concedes, the trial court improperly reclassified Perez-Flores's conviction for aggravated battery with a deadly weapon or causing great bodily harm from a second-degree felony to a first-degree felony, and thereafter, imposed a twenty-year sentence. Reclassification of aggravated battery is not permitted when, as here, it is not clear whether the defendant was found guilty based on a finding that he caused great bodily harm or that he used a deadly weapon. While aggravated battery inflicting great bodily harm is subject to enhancement if a weapon is used, aggravated battery using a deadly weapon is not because use of a deadly weapon is an essential element of the crime. See, e.g., Lareau v. State, 573 So. 2d 813, 815 (Fla. 1991); Brady v. State, 65 So. 3d 599, 601 (Fla. 5th DCA 2011); Hernandez v. State, 30 So. 3d 610, 612 (Fla. 3d DCA 2010); Benjamin v. State, 8 So. 3d 460, 460 (Fla. 4th DCA 2009); Webb v. State, 997 So. 2d 469 (Fla. 2d DCA 2008). Here, the jury was instructed on both forms of aggravated battery and it is unclear whether the jury found Perez-Flores guilty of one or the other form of aggravated battery. Thus, reclassification was improper. Accordingly, we reverse and remand for resentencing with the aggravated battery classified as a second-degree felony.

AFFIRMED in part; REVERSED in part; and REMANDED for resentencing.

PALMER and ORFINGER, JJ., and BOATWRIGHT, J., Associate Judge, concur.