# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D18-5209

_____

N'KOSI LERONE JONES,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____

On appeal from the Circuit Court for Escambia County.
John L. Miller, Judge.

September 9, 2019

PER CURIAM.

N'Kosi Lerone Jones challenges the denial of his motion to correct an illegal sentence which in turn challenged the reclassification of his conviction for aggravated battery to a first degree felony pursuant to section 775.087(1), Florida Statutes (2011).  We affirm.

Jones was charged with aggravated battery.  Such an offense can be established in two ways:  (i) the intentional infliction of great bodily harm, permanent disability, or permanent disfigurement; or (ii) use of a deadly weapon.  § 784.045(1)(a), Fla. Stat. (2011).  The information by which Jones was charged alleged that he did intentionally or knowingly cause great bodily harm, permanent disability or permanent disfigurement to [the victim] **and** during the commission of said battery did carry, actually possess and discharge a firearm which caused great bodily harm.

The jury in Jones' trial utilized a verdict with the following options:

**<u>VERDICT</u>**

**WE, THE JURY,** find as follows, as to the counts charged in the Information:

__✓__ Guilty of Aggravated Battery as charged:

    1. If you find the defendant guilty of Aggravated Battery, do you find that the defendant committed the Aggravated Battery by:

       ____ a. Intentionally causing great bodily harm

       ____ b. Using a deadly weapon

       __✓__ c. Both

    2. If you find the defendant guilty of Aggravated Battery using a deadly weapon, was that weapon a firearm?

    __✓__ Yes      ____ No

    3. If you find the defendant guilty of Aggravated Battery with a firearm, did the defendant actually possess the firearm?

    __✓__ Yes      ____ No

    4. If you find the defendant guilty of Aggravated Battery, do you find that the defendant in committing the Aggravated Battery actually discharged the firearm?

    __✓__ Yes      ____ No

____ Guilty of Felony Battery, a lesser included offense.

____ Guilty of Battery, a lesser included offense.

____ Not Guilty.

———————

An aggravated battery is generally a second degree felony. § 784.045(2), Fla. Stat. (2011). However, section 775.087(1) requires that a second degree felony be reclassified to a first degree felony when a weapon or firearm is used to commit the felony, except a felony in which the use of a weapon or firearm is an essential element is not subject to reclassification. In *Lareau v. State*, 573 So. 2d 813 (Fla. 1991), the Florida Supreme Court held that the offense of aggravated battery causing great bodily harm is subject to enhancement under section 775.087(1), while the offense of aggravated battery with a deadly weapon is not.

In *Cabral v. State*, 944 So. 2d 1026, 1027 (Fla. 1st DCA 2006), this Court held that when "it is unclear whether appellant was found guilty of aggravated battery based on great bodily harm or the use of a deadly weapon, enhancement of his sentence for the use of a deadly weapon pursuant to section 775.087(1), Florida Statutes, was not permissible." *See Frasier v. State*, 132 So. 3d 365 (Fla. 1st DCA 2014) (holding that because the jury returned a verdict finding the defendant guilty of aggravated battery causing permanent disability, permanent disfigurement, or great bodily harm and with a deadly weapon, the sentence could not be reclassified pursuant to section 775.087(1)); and *Helton v. State*, 227 So. 3d 228 (Fla. 1st DCA 2017) (same).

Here, Jones' conviction was reclassified as a first degree felony. He argues that reclassification is erroneous because it is not clear from the verdict that use of a firearm was found to be an element of the conviction for aggravated battery. We disagree. By selecting the verdict option "Both," the jury found that either way of proving aggravated battery was established beyond a reasonable doubt. Thus, aggravated battery by causing great bodily harm was independently established in the instant case. *See Hurry v. State*, 978 So. 2d 854 (Fla. 1st DCA 2008) (affirming the reclassification of an aggravated battery conviction where it was clear from the verdict that the offense of aggravated battery was independently established by proof of great bodily harm and therefore the use of a weapon was not an essential element of the offense); *Harrell v. State,* 150 So. 3d 858, 862 (Fla. 2d DCA 2014) ("In order to support the enhancement under section 775.087(1), the jury must be given the option of finding the defendant guilty of aggravated battery with great bodily harm without also finding the defendant guilty

3

of aggravated battery with a deadly weapon."). To hold otherwise would frustrate the legislative intent to increase punishment "as the degree of actual injury or potential for serious injury becomes greater." *Lareau*, 573 So. 2d at 815.

Therefore, the trial court correctly reclassified the conviction from a second degree felony to a first degree felony. The denial of the motion to correct sentence is AFFIRMED.

RAY, C.J., and BILBREY and JAY, JJ., concur.

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____

N'Kosi Lerone Jones, pro se, Appellant.

Ashley Moody, Attorney General, and Barbara Debelius, Assistant Attorney General, Tallahassee, for Appellee.

4