TORPY, J.
In this mortgage foreclosure case, the trial court entered summary final judgment in favor of Appellee after Appellant’s counsel failed to appear at the hearing. The failure to appear was due to an error on the part of Appellant’s counsel’s law firm to properly calendar the hearing. The law firm attempted to rectify the error by seeking relief from the judgment based on excusable neglect with supporting affidavits. The trial court denied the request. Because we determine that Appellant’s counsel waived any viable issue on appeal by failing to assert the issue in the initial brief, we affirm.
*771 After Appellant’s counsel, Alberto T. Montequin of Kaufman, Englett and Lynd, PLLC (“KEL”), failed to appear at a hearing on Appellee’s motion for summary judgment, the court entered summary final judgment of foreclosure. Mr. Montequin filed a motion for rehearing and to vacate the judgment based on excusable neglect. He attached to the motion his own affidavit and those of KEL staff members, attesting to the fact that the notice of hearing had been received but not calendared due to a clerical error. He also alleged a meritorious defense based on a previously filed answer and defenses. The court held a hearing on the motion and subsequently denied it without explanation. In appealing from this order, Appellant’s counsel did not file a transcript of the hearing with this Court.
Inexplicably, instead of challenging the summary judgment on the basis that the lower court erred in granting the judgment in the face of the answer and defenses on file, or that it abused its discretion in denying the request for relief from judgment based on excusable neglect, Appellant’s initial brief, prepared by three KEL lawyers, asserts that Appellant was not given notice of the hearing, an assertion that the record conclusively refutes.[2] The initial brief is premised entirely on this purported due process violation. The summary of argument section in the initial brief provides:
Hagood asserts that the Final Summary Judgment should be vacated because Hagood was not provided notice of hearing on Wells Fargo’s Motion for Summary Judgment and was thus denied due process. It was error to enter Summary Judgment at a hearing in which Wells Fargo failed to coordinate with Hagood and which notice was never received by Hagood or his counsel. Due process requires that defendant be provided fair notice in order to appear and defend their rights.
The brief repeatedly asserts the total lack of notice — a fact that Appellant represented was “uncontroverted.”
In response, Appellee refuted Appellant’s lack of notice contention by directing our attention to the affidavits in the record on appeal. Again inexplicably, rather than attempt to correct the initial brief, Appellant’s counsel filed a reply brief, ignoring the discrepancy in the initial brief and attempting to raise for the first time the issue of whether the denial of the motion to vacate was an abuse of discretion. The summary of argument section in the reply brief states:
Appellant’s argument, most simply stated, is that the trial court abused its discretion in denying Appellant’s motion for relief under the Rules 1.530 and 1.540, Florida Rules of Civil Procedure. The abuse of discretion arose when the trial court declined to set aside a summary judgment of foreclosure entered by a different circuit judge. The summary judgment was entered without the appearance or participation of Appellant’s counsel at the summary judgment hearing. The failure of counsel to appear was due to clerical error committed by a paralegal in Appellant’s counsel’s office. The issues were brought to the *772 trial court’s attention in the motion for relief.
Like Appellant’s initial brief, the reply brief fails to properly cite to the record on appeal to support any factual assertions.
At oral argument, Appellant’s counsel acknowledged that the issue contained in the reply brief was abandoned because it was not raised in the initial brief. See, e.g., Hoskins v. State, 75 So.3d 250, 257 (Fla.2011) (stating argument not raised in initial brief barred); J.A.B. Enters. v. Gibbons, 596 So.2d 1247, 1250 (Fla. 4th DCA 1992) (“[A]n issue not raised in an initial brief is deemed abandoned and may not be raised for the first time in a reply brief.”). Accordingly, we are constrained to affirm without addressing the merits of Appellant’s alternative argument.[3]
The quality of the legal work performed by KEL’s attorneys in this case is disturbing. It resulted in a waste of judicial resources and, perhaps, an injustice to the litigants. At a minimum, it increased the cost of the litigation and the time necessary to conclude it. The three lawyers who represented Appellant on appeal are not novices. In the aggregate they have over sixty years of experience as members of The Florida Bar.[4] The least experienced of the three, Ms. Domenech, appeared for oral argument and' attempted to field the questions from the panel She informed the Court that all three attorneys participated equally in the preparation of the briefs, but that Mr. Withers, the most experienced of the group, was the “lead” attorney. He signed the briefs on behalf of all three attorneys and the firm. No satisfactory explanation was proffered by Ms. Domenech at oral argument why this Court should not impose sanctions. Before we impose sanctions, however, it is appropriate that all three attorneys have an opportunity to address the Court’s concerns. Accordingly, pursuant to Florida Rule of Appellate Procedure 9.410, each attorney for Appellant named on the briefs shall,-within 10 days, show cause in writing why sanctions should not be imposed for violating the appellate rules of procedure regarding the provision of record support for facts, for misrepresenting the facts in the initial brief, and for filing a legally untenable and therefore frivolous reply brief. Counsel shall provide a copy of this opinion and any responses filed with this Court to Appellant.
Jurisdiction is reserved for the purpose of imposing sanctions, if warranted.
AFFIRMED; SHOW CAUSE ORDER ISSUED.
JACOBUS and BERGER, JJ, concur.

. Appellant had timely answered the complaint and raised numerous defenses, including his assertion that Appellee had failed to comply with various conditions precedent under the mortgage and applicable law. These defenses were pled specifically. The burden below was then on Appellee to overcome these defenses in its application for summary judgment. The fact that counsel failed to appear at the hearing did not defeat this burden. Because this issue was not addressed on appeal in any of the briefs, however, we cannot address the merits of whether summary judgment was appropriate.

. The reply brief addresses the meritorious defense issue in a conclusory manner. We do not address whether Appellant adequately established a meritorious defense below.

. Mr. Withers has been a member of The Florida Bar since 1972. Mr. Lynd was admitted in 1997, and Ms. Domenech was admitted in 2008.