ON THE COURT’S MOTION FOR SANCTIONS
PER CURIAM.
Pursuant to rule 9.410, this Court, on its own motion, notified Appellant’s counsel of its intent to impose sanctions and provided counsel an opportunity to show cause why sanctions should not be imposed. Hagood v. Wells Fargo, 112 So.3d 770 (Fla. 5th DCA 2013). Counsel separately filed written responses. The responses do not refute the fact that the initial brief was based entirely on a false assertion of fact and was, therefore, frivolous. Nor do any of the responses refute the fact that the reply brief improperly relied on facts not supported by the record, lacked record references, and improperly interjected a new point on appeal.
Mr. Lynd asserts that his name was placed on the briefs because he is a partner at Kaufman, Englett & Lynd, PLLC (“KEL”), and he might have been needed *1014 at oral argument. He did not review the briefs or work on the case. Ms. Domenech asserts that, working remotely as a part-time employee of KEL, she simply drafted the initial brief at Mr. Withers’ request, using the trial lawyer’s electronic notes. She did not review the record on appeal or the firm’s physical file, and she was not aware that the briefs contents were false. When she submitted the initial brief for Mr. Withers’ review, she asserts that she “made it clear” that she had not reviewed the motion for summary judgment or motion for rehearing. Due to a gap in employment, Ms. Domenech did not see the answer brief or participate in the preparation of the reply brief. Inexplicably, although she handled the oral argument for the firm, she asserts that it was not until after oral argument that she realized her “draft” initial brief had been mistakenly filed with the Court. Finally, Mr. Withers, who admits that “everything that went wrong with this case at the appellate level is my fault,” maintains that he relied on Ms. Domenech’s work and was not told by his paralegal that the brief prepared by Ms. Domenech was a “draft” or he “would have read it a lot more carefully.” Curiously, Mr. Withers’ response manifests a hindsight belief that his threshold error in this case was that he should have filed a petition for certiorari seeking to challenge the denial of the motion for rehearing, rather than a direct appeal.
Although the responses by the lawyers satisfy this Court that no intentional misconduct occurred in this case, they evince systemic flaws in internal procedures, a lack of understanding of substantive law and rules of procedure, a lack of supervision by senior lawyers, and multiple acts of professional negligence that began in the trial court and continued through the oral argument. The left-hand-did-not-know-what-the-righthand-was-doing defense is not acceptable. Even negligent violations of rules of procedure may justify sanctions. Accordingly, this Court imposes a $1,000 fine on counsel, jointly and severally, to be paid to the Clerk of this Court within thirty days.
This Court also admonishes all counsel that each attorney of record is responsible for the content of the entire document when his or her name appears on the document. Each attorney who appears in a proceeding and authorizes his or her name to be affixed to an appellate brief or other pleading cannot avoid responsibility for the content of the brief by later claiming limited or no involvement in its preparation.
The court reserves jurisdiction to enforce this order.
TORPY, BERGER, JJ., and JACOBUS, Senior Judge, concur.