PER CURIAM.
Perceiving a threat from another driver completely stopped in the lane ahead of him on a busy highway, Jared Bretherick [“the Defendant”] pointed a firearm at the driver and held him at gunpoint. As a result of this action, he was charged with aggravated assault. After an evidentiary hearing, the trial court denied his pretrial motion to dismiss based on Florida’s self-defense immunity statute, commonly called the “Stand Your Ground” law. The issues in this case are, first, whether the Defendant has the right of review before trial of the denial of his motion by petition for writ of prohibition; second, whether the burden of proof at the evidentiary hearing on the motion to dismiss was properly placed on the Defendant to prove entitlement to immunity; and finally, assuming the Defendant bears the burden of production and persuasion, whether that burden was met in this case.
The standard of review requires that the trial court’s findings of fact must be supported by competent, substantial evidence, while the conclusions of law are subject to de novo review. Mederos v. State, 102 So.3d 7, 11 (Fla. 1st DCA 2012). Although there was some conflicting testimony presented below, the trial court made specific findings of fact based on credibility determinations that establish the following facts in this case.
On December 29, 2011, the Bretherick family was on vacation in Central Florida, driving toward Downtown Disney, on a *339 heavily travelled, six-lane divided road in Osceola County. Ronald Bretherick, the father, was driving in the middle lane westbound when, in his rearview mirror, he saw a blue truck rapidly approaching them. The truck almost side-swiped them as it passed in the right lane. As the truck passed the Brethericks, the driver, Derek Dunning, “stared at them in a threatening manner,” but made no statements or gestures.
Dunning’s truck cut in front of the Bretherick vehicle in the middle lane, slammed on the brakes, and came to a complete stop. There was no traffic or other impediment that required this action. Ronald Bretherick also stopped his vehicle, one to two car lengths behind Dunning’s truck. Dunning got out of his truck and walked toward the Bretherick vehicle. He was unarmed. Without exiting, Ronald Bretherick held up a holstered handgun, and Dunning returned to his truck without uttering a word.
After Dunning got back into his truck, the Defendant, Ronald’s adult son, got out of the rear passenger’s seat. He approached the driver’s side of Dunning’s truck within a few feet of the driver, while pointing the handgun at Dunning. The Defendant told Dunning to move his truck or he would be shot. Dunning misunderstood, and believed that the Defendant told him that if he moved, he would be shot. This slight but critical misunderstanding explains everyone’s subsequent actions.
The Defendant returned to his own vehicle and took up various positions, continuing to point the gun at Dunning. The Brethericks, Dunning, and several passersby all called 911. The Defendant’s mother and sister exited their vehicle and took refuge in a ditch on the north side of the road. The Defendant told his family that Dunning said he had a gun, but no one saw Dunning with a weapon, and the trial court found this not to be credible. At some point, Dunning’s truck rolled back twelve to eighteen inches toward the Brethericks’ vehicle. The police arrived and diffused the volatile encounter.
As a result of this incident, the Defendant was charged with one count of aggravated assault with a firearm in violation of sections 784.021(l)(a) and 775.087(2), Florida Statutes (2011). On April 3, 2012, the Defendant filed a motion to dismiss, alleging immunity from prosecution, pursuant to section 776.032, Florida Statutes (2011). After an evidentiary hearing, the trial court denied the motion to dismiss, and the Defendant sought review.
A threshold issue is whether the denial of this pretrial motion is subject to review at this time. The First, Second, and Fourth District Courts of Appeal have held that a petition for writ of prohibition is the appropriate method for obtaining review before trial of the denial of a motion to dismiss under the self-defense immunity statute. See Little v. State, 111 So.3d 214, 216 (Fla. 2d DCA 2013); Mederos, 102 So.3d 7; Joseph v. State, 103 So.3d 227 (Fla. 4th DCA 2012). Non-final orders in criminal cases that challenge the authority of the trial court’s jurisdiction are traditionally subject to review by petition for writ of prohibition. In Joseph, the Fourth District determined that a writ of prohibition was the appropriate method for obtaining immediate review of a trial court’s denial of a claim of self-defense immunity based on the Florida Supreme Court’s decision in Tsavaris v. Scruggs, 360 So.2d 745 (Fla.1977), which employed this remedy to review the denial of a pretrial claim of immunity from prosecution. In light of the decisions in the First, Second and Fourth District Courts, we agree that the appropriate vehicle to obtain review before trial of the denial of a “Stand Your Ground” motion invoking self-defense *340 immunity is by petition for writ of prohibition.
Next, the Defendant argues that the trial court improperly placed the burden of proof on him to prove his entitlement to immunity. He acknowledges that the Florida Supreme Court’s decision in Dennis v. State, 51 So.3d 456 (Fla.2010), supports the State’s contention that he bears the burden of proving his entitlement to self-defense immunity by the preponderance of evidence.
In Dennis, the Florida Supreme Court held that where a criminal defendant files a motion to dismiss, on the basis of the “Stand Your Ground” statute, which relates to justified use of force, the trial court should conduct a pretrial evidentiary hearing and decide the factual question of the applicability of the statutory immunity. In reaching this conclusion, the Court rejected the State’s argument that a motion to dismiss based on statutory immunity is properly denied when there are disputed issues of material fact. Significantly, the Dennis court expressly approved the procedure set forth in Peterson v. State, 983 So.2d 27 (Fla. 1st DCA 2008), for ruling on motions to dismiss, filed pursuant to section 776.032. Dennis, 51 So.3d at 463 (“In summary, we conclude that the procedure set out by the First District in Peterson best effectuates the intent of the Legislature .... ”). The approved procedure placed the burden of proof at the pretrial evidentiary hearing on the defendant:
“[W]e hold that a defendant may raise the question of statutory immunity pretrial and, when such a claim is raised, the trial court must determine whether the defendant has shown by a preponderance of the evidence that the immunity attaches.”
Dennis, 51 So.3d at 460 (quoting Peterson, 983 So.2d at 29). (Emphasis added).
Nevertheless, the Defendant argues that this ruling fails to appropriately apply the plain meaning of the statute. “Placing the burden on a person who acted in self defense, after they have been charged makes the immunity granted largely illusory, and fails to give effect to each word in the statute.” We are bound by Dennis and, accordingly, we reject this argument and find that the trial court properly placed the burden of proof on the Defendant.
At the hearing below, the Defendant contended that he was justified in using force to defend himself and his family against Dunning’s imminent use of unlawful force, which he alleged to be the forcible felony of false imprisonment. However, based on the trial court’s findings of fact, which are supported by competent, substantial evidence, we conclude that the motion to dismiss was properly denied.
A person is justified in using deadly force when he or she reasonably believes such force is necessary to prevent imminent death or great bodily harm to him or herself or another, or to prevent the imminent commission of a forcible felony. § 776.012, Fla. Stat. (2011). False imprisonment is defined as “forcibly, by threat, or secretly confining, abducting, imprisoning, or restraining another person without lawful authority and against her or his will.” § 787.02(l)(a), Fla. Stat. (2011).
The trial court correctly found that Dunning’s actions did not rise to the level of false imprisonment, aggravated assault, or any other forcible felony, and therefore, the Defendant could not justify his use of force on this basis. No one saw Dunning with a gun. Dunning retreated to his vehicle when Ronald Bretherick held up a holstered weapon. The trial court also properly determined that there was no longer an imminent threat and that the Defendant’s subjective fear at that point was objectively unreasonable.
*341 There was at least one car length between Dunning’s vehicle and the Breth-ericks’ vehicle. When Dunning’s truck rolled back not more than eighteen inches, that action standing alone did not constitute the act of false imprisonment as the Defendant contends. Notably, the Defendant’s mother and sister exited the vehicle and took refuge nearby. Several other cars passed by in the two lanes on either side of the middle lane where the Dunning and Bretherick vehicles sat. It was not reasonable for the Defendant to believe that it was necessary for him to approach Dunning’s truck with a gun drawn in order to defend himself or his family.
As noted by the trial court, there was conflicting testimony presented at the hearing on the motion to dismiss. The issue of who bears the burden of proof may well be significant where the case is an extremely close one, or where only limited evidence is presented for the trial court’s consideration. Because, as observed in Judge Schumann’s thoughtful-concurring opinion, the burden of proof issue was not the primary focus of the Dennis opinion, we certify the following question for consideration by the Florida Supreme Court:
ONCE THE DEFENSE SATISFIES THE INITIAL BURDEN OF RAISING THE ISSUE, DOES THE STATE HAVE THE BURDEN OF DISPROVING A DEFENDANT’S ENTITLEMENT TO SELF-DEFENSE IMMUNITY AT A PRETRIAL HEARING AS IT DOES AT TRIAL?
AFFIRMED.
QUESTION CERTIFIED.
SAWAYA and EVANDER, JJ., concur.
SCHUMANN, B.B., Associate Judge, concurs and concurs specially, with opinion.