NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


ROBERT LEE HARRELL,                    )
                                       )
            Appellant,                 )
                                       )
v.                                     )          Case No. 2D12-2770
                                       )
STATE OF FLORIDA,                      )
                                       )
            Appellee.                  )
_____)

Opinion filed November 5, 2014.

Appeal from the Circuit Court for
Hillsborough County; Steven Scott
Stephens, Judge.

Howard L. Dimmig, II, Public Defender, and
Matthew D. Bernstein, Assistant Public
Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Diana K. Bock, Assistant
Attorney General, Tampa, for Appellee.

SILBERMAN, Judge.

Robert Lee Harrell ended an altercation with a man who was intent on

starting a fistfight by pulling out a gun and shooting him. He now seeks review of his

judgment and sentences for aggravated battery, possession of a firearm by a convicted

felon, and carrying a concealed firearm. On appeal Harrell challenges (1) the

constitutionality of sections 790.23 and 790.01(2), Florida Statutes (2009), (2) the denial

of his motion to dismiss under the Stand Your Ground law, and (3) the reclassification of the aggravated battery offense based on the use of a weapon.  We affirm Harrell's convictions but reverse his sentences due to the improper reclassification of the aggravated battery offense.

## I.  Constitutionality Challenge

Harrell argues that he is entitled to have his firearm convictions vacated because sections 790.23 and 790.01(2) are unconstitutionally vague based on their failure to apprise whether a certain type of antique firearm is included therein.  We reject this constitutionality challenge because the evidence established that Harrell possessed a modern firearm, as opposed to an antique or replica firearm.  See K.C. v. State, 39 Fla. L. Weekly D1018, D1018 (Fla. 2d DCA May 16, 2014); Walker v. State, 137 So. 3d 594, 595 (Fla. 2d DCA 2014).

## II.  Motion to Dismiss Under the Stand Your Ground Law

In his motion to dismiss, Harrell argued that he was entitled to immunity from prosecution under the Stand Your Ground law as codified in sections 776.032 and 776.013(3), Florida Statutes (2009).  The trial court denied the motion based on its conclusion that it was not necessary for Harrell to discharge the firearm to prevent imminent bodily harm because of the distance between Harrell and the victim.  The court alternatively ruled that Harrell was not entitled to immunity because he was engaged in unlawful activity as a felon in possession of a firearm.

On appeal, Harrell argues that the trial court erred by placing the burden of proving the justifiable use of deadly force on Harrell.  Harrell recognizes that the supreme court has stated that the defendant must "show[] by a preponderance of the

evidence that the immunity attaches." Dennis v. State, 51 So. 3d 456, 460 (Fla. 2010).

However, Harrell argues that this court should certify a question of great public

importance regarding whether the supreme court actually meant to place the burden of

proving entitlement to immunity on the defendant.

Harrell cites to Bretherick v. State, 135 So. 3d 337, 341 (Fla. 5th DCA

2013), review granted, No. SC13-2312, 2014 WL 1659779 (Fla. Apr. 15, 2014), in which

the Fifth District held that the defendant had the burden of proof under Dennis but

certified the following question:

> ONCE THE DEFENSE SATISFIES THE INITIAL BURDEN
> OF RAISING THE ISSUE, DOES THE STATE HAVE THE
> BURDEN OF DISPROVING A DEFENDANT'S
> ENTITLEMENT TO SELF-DEFENSE IMMUNITY AT A
> PRETRIAL HEARING AS IT DOES AT TRIAL?

Harrell argues that the supreme court would answer this question in the

affirmative. He points to the following reasoning in Associate Judge Schumann's

specially concurring opinion in Bretherick:

> Placing the burden of proof on the State at the pretrial
> hearing on a motion to dismiss based on self-defense
> immunity gives meaning to the grant of immunity at the
> earliest stages of criminal proceedings, defined to include
> arrest, detention, filing of charges, and prosecution. This
> interpretation recognizes the distinction between an
> assertion of a broad grant of immunity from criminal
> prosecution and more prosaic pretrial pleadings. It avoids a
> confusing shift of the burden of proof from the defense in a
> pretrial hearing to the State at trial. If the State is unable to
> sustain its lesser burden of proof at a pretrial hearing, then it
> would be unable to prove its case beyond a reasonable
> doubt at trial.

Id. at 344 (Schumann, Associate Judge, concurring specially). We are not persuaded that this reasoning would lead the supreme court to rethink its decision in Dennis, which squarely decided the issue. Therefore, we decline to certify the question.

Harrell also argues that the trial court applied the incorrect standard because section 776.013(3) does not expressly require imminent harm. Harrell cites to this court's recent decision in Little v. State, 111 So. 3d 214, 221 (Fla. 2d DCA 2013), to support his argument. In Little, this court did note the omission of the term "imminent" from section 776.013(3). Little, 111 So. 3d at 221. But this court also concluded that section 776.013(3) only applied if the defendant was not engaged in unlawful activity. And being a felon in possession of a firearm constitutes unlawful activity. Little, 111 So. 3d at 222. Thus, section 776.013(3) does not apply in this case.

III. **Reclassification of the Aggravated Battery Offense**

The trial court reclassified the aggravated battery offense to a first-degree felony pursuant to section 775.087(1)(b), Florida Statutes (2009), which provides for reclassification "whenever a person is charged with a felony, except a felony in which the use of a weapon or firearm is an essential element, and during the commission of such felony the defendant carries, displays, uses, threatens to use, or attempts to use any weapon or firearm." Harrell argues that it was error to reclassify the offense because he was charged with aggravated battery with great bodily harm or a deadly weapon, the jury was instructed on both theories, and the verdict form referred to both theories but did not allow the jury to choose a theory. Thus, it was possible that Harrell was convicted for a felony in which the use of a weapon or firearm is an essential element.

The information charged Harrell with "aggravated battery (great bodily harm or deadly weapon) (firearm - discharge)." It alleged that Harrell

> did unlawfully, actually, and intentionally touch or strike, or intentionally cause bodily harm to JOSEPH HARRIS, against his will, and <u>in so doing did intentionally or knowingly cause great bodily harm</u>, permanent disability or permanent disfigurement to the said JOSEPH HARRIS, <u>or in so doing used a deadly weapon, to-wit: a firearm</u>, and during the commission of the offense, ROBERT LEE HARRELL carried, displayed, used, threatened to use, or attempted to use a weapon, to-wit: a firearm, and actually possessed a firearm and discharged a firearm.

(Emphasis added.) The jury was also instructed in the disjunctive as follows:

> To prove the crime of aggravated battery, the State must prove the following two elements beyond a reasonable doubt. The first element is the definition of batter [sic]. Number (1) Robert Lee Harrell intentionally touched or struck Joseph Harris against his will, or intentionally caused bodily harm to Joseph Harris. Number (2) Robert Lee Harrell, in committing the battery: (a) <u>intentionally or knowingly caused great bodily harm to Joseph Harris</u>, permanent disability to Joseph Harris, or permanent disfigurement to Joseph Harris, <u>or used a deadly weapon</u>.

(Emphasis added.) The State argued both the great bodily harm and deadly weapon theories to the jury in closing argument. And the verdict form provided for a general verdict and was worded in the disjunctive as follows:

> We, the jury, find as follows, as to Count I of the charge: (check only one as to this count)
>
> _x_ A. The defendant is guilty of <u>Aggravated Battery With Great Bodily Harm or Deadly Weapon, as charged</u>. **If you find the defendant guilty of Aggravated Battery With Great Bodily Harm <u>or</u> Deadly Weapon, you must further determine by your verdict whether during the commission of this crime (check only one, as applicable):**
>
> _x_ The defendant did actually possess and discharge a firearm, or

_____The defendant did actually possess but did not discharge a firearm, or

_____The defendant did not actually possess and did not discharge a firearm.

_____B.  The defendant is guilty of the lesser included offense of Felony Battery.

_____C.  The defendant is guilty of the lesser included offense of Battery.

_____D.  The defendant is not guilty.

(Emphasis added.)

The Florida Supreme Court has determined that the crime of aggravated battery causing great bodily harm is subject to enhancement under section 775.087(1) while the crime of aggravated battery with a deadly weapon is not.  See Lareau v. State, 573 So. 2d 813, 815 (Fla. 1991).  While this appears to be a simple distinction, it is often muddled by instructing the jury on both methods of committing aggravated battery together.  See, e.g., Webb v. State, 997 So. 2d 469, 471 (Fla. 2d DCA 2008) (and cases cited therein).  In order to support the enhancement under section 775.087(1), the jury must be given the option of finding the defendant guilty of aggravated battery with great bodily harm without also finding the defendant guilty of aggravated battery with a deadly weapon.  Id.

Thus, it is reversible error to reclassify aggravated battery under section 775.087(1) when the jury is instructed that it may return a verdict for aggravated battery by either great bodily harm or the use of a deadly weapon and the verdict form does not reflect which theory is the basis for the conviction.  Crawford v. State, 858 So. 2d 1131, 1132 (Fla. 2d DCA 2003); Montgomery v. State, 704 So. 2d 548, 550-51 (Fla. 1st DCA 1997).  The possibility that the jury actually found the defendant guilty of aggravated

- 6 -

battery with a deadly weapon precludes reclassification of the crime.  <u>Crawford</u>, 858 So. 2d at 1132; <u>Montgomery</u>, 704 So. 2d at 551.

In conclusion, we reject Harrell's challenges to the constitutionality of sections 790.23 and 790.01(2) and the denial of his motion to dismiss under the Stand Your Ground law.  However, we conclude that the trial court erred in reclassifying the aggravated battery offense to a first-degree felony because the information, jury instructions, and verdict form allowed the jury to find Harrell guilty of aggravated battery using a deadly weapon.  Accordingly, we affirm Harrell's convictions but reverse and remand for resentencing.

Affirmed in part, reversed in part, and remanded.

KELLY and VILLANTI, JJ., Concur.