PER CURIAM.
We affirm the appellant’s judgment and sentences. See Bretherick v. State, 135 So.3d 337 (Fla. 5th DCA 2013), review granted, 145 So.3d 821 (Fla.2014).
While no discussion .of the merits of the case is required, we find it necessary to comment on the appellant’s improper insertion of alleged facts in both the statement of the facts and the argument sections of her brief. As an appellate court, we are required to consider the facts in the light most favorable to the appellee, and the appellant must properly address the facts in that manner. Such was clearly- not done by the appellant in this case. The facts in this case were highly disputed, and the trial court conducted an evidentiary hearing thereon. The court thereafter expressly found the testimony of the victim to be more credible than the testimony of the appellant. In spite of this explicit finding, the appellant’s brief improperly presented as “fact” the testimony of the appellant, and counsel based her legal arguments on those facts. Such practices are inappropriate and unprofessional. See Marquardt v. State, 156 So.3d 464 (Fla.2015) (explaining that a court reviewing a ruling on a motion to suppress must interpret the evidence and reasonable inferences and deductions in the manner most favorable to sustaining the ruling of the court); Hagood v. Wells Fargo N.A., 125 So.3d 1012 (Fla. 5th DCA 2013) (cautioning that appellate attorney’s filing of initial brief that was based entirely on a false assertion of fact constitutes an act of professional negligence).
AFFIRMED.
PALMER and LAMBERT, JJ„ concur.
COHEN, J,, concurring in result only.